**UNITED STATES of America, Appellee,**

v.

**Kenneth VAUGHAN,
Defendant-Appellant.**

**No. 707, Docket 81–1423.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 9, 1982.
Decided May 27, 1982.

David Seth Michaels, New York City, The Legal Aid Society, Federal Defender Services Unit, for defendant-appellant.

Andrew J. Levander, Asst. U. S. Atty., New York City (John S. Martin, Jr., U. S. Atty. for the S. D. of N. Y., Charles M. Carberry, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before LUMBARD, NEWMAN and WINTER, Circuit Judges.

LUMBARD, Circuit Judge:

On May 14, 1981, Kenneth Vaughan surreptitiously entered Room 1804 in the United States Courthouse in Manhattan, an area closed to the public, and attempted to steal

a change purse from the desk of Fern LaBorde, a court employee. LaBorde, who had left her office shortly before Vaughan arrived, returned and surprised appellant during the attempted theft. Vaughan assaulted LaBorde, fled from the office and was apprehended shortly thereafter in the courthouse lobby.

Vaughan was convicted in the district court after a one-day bench trial before Judge Henry F. Werker, of second-degree burglary in violation of § 140.25(1)(b) of the New York Penal Code,[1] as incorporated under the Assimilative Crimes Act, 18 U.S.C. § 13 (1976) (the "Act"),[2] and of assault in violation of 18 U.S.C. § 113(d) (1976). Second degree burglary is classified as a violent felony under § 70.02(1)(b) of the New York Penal Law, and Vaughan had previously been convicted of a violent felony offense. The trial court, therefore, followed the state's sentencing provisions that govern second violent felony offenders in fashioning its sentence, N.Y. Penal Law § 70.04(3)(b) (McKinney's 1980 Supp.),[3] and sentenced Vaughan to a term of eight years' imprisonment on the burglary count, the minimum that a second violent felony offender must receive under the enhanced sentencing provisions of § 70.04. Vaughan also received a concurrent six-month term of imprisonment on the federal assault count. Moreover, the trial court adhered to the state mandatory confinement period for second violent felony offenders and imposed a minimum four-year period of incarceration before Vaughan could be eligible for parole. N.Y. Penal Law § 70.04(4) (McKinney's 1980 Supp.).[4]

Vaughan appeals from this judgment of conviction, contending that since the Government could have prosecuted him under federal assault and larceny statutes, 18 U.S.C. §§ 113, 661 (1976), it was barred from prosecuting appellant under the Act for second degree burglary in violation of New York state law. Appellant further claims that, assuming the Government properly prosecuted him for second degree burglary and assault, the district court erred in applying New York's second felony offender statute and in imposing its minimum prison term provisions.

We affirm the judgment of conviction and the sentence imposed thereon insofar as it sets concurrent terms of imprisonment of eight years and six months. We hold, however, that the state sentencing provision which requires a minimum period of confinement was not binding on the district court, and we therefore vacate the provision of the judgment that imposes a minimum four-year period of incarceration before Vaughan could be eligible for parole.

In the absence of a specific federal criminal statute, the Act makes conduct punisha-

---

1. N.Y. Penal Law § 140.25 (McKinney's 1980 Supp.) provides in pertinent part:

   A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when:
   1. In effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:

   \* \* \* \* \* \*

   (b) Causes physical injury to any person who is not a participant in the crime.

2. 18 U.S.C. § 13 (1976) provides:

   Whoever within or upon any of the places [within the special territorial jurisdiction of the United States] is guilty of any act or omission which, although not made punishable by an enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

3. N.Y. Penal Law § 70.04(3) (McKinney's 1980 Supp.) provides in pertinent part:

   The maximum term of an indeterminate sentence for a second violent felony offender must be fixed by the court as follows:

   \* \* \* \* \* \*

   (b) For a Class C felony, the term must be at least eight years and must not exceed fifteen years; ....

4. N.Y. Penal Law § 70.04(4) (McKinney's 1980 Supp.) provides:

   The minimum period of imprisonment under an indeterminate sentence for a second violent felony offender must be fixed by the court at one-half of the maximum term imposed and must be specified in the sentence.

ble by a state's criminal law a violation of federal law when committed on or within a federal enclave, such as a federal courthouse, within the state. 18 U.S.C. § 13 (1976). The Act thus "use[s] local statutes to fill in the gaps in the Federal Criminal Code where no action of Congress had been taken to define the missing offenses." *Williams v. United States*, 327 U.S. 711, 719, 66 S.Ct. 778, 782, 90 L.Ed. 962 (1946).

Although there is no specific federal statute prohibiting burglaries on or within federal enclaves, Vaughan contends that the Government improperly prosecuted him under the Assimilative Crimes Act for second degree burglary in violation of N.Y. Penal Law § 140.25(1)(b) because it could have prosecuted him under federal assault and larceny statutes. 18 U.S.C. §§ 113, 661 (1976). Appellant claims that *Williams v. United States, supra*, and its progeny require reversal of his burglary conviction. The Supreme Court held in *Williams* that a federal prosecution under the Act could not be predicated upon Arizona's statutory rape provision, which fixed the age of consent at 18, because Congress in an applicable federal law for the identical offense had set the age of consent at 16. *Id.* at 716–18, 66 S.Ct. at 781–82.

■ We find no merit to Vaughan's claim and conclude that he was properly prosecuted under the Act for burglary in violation of New York State law. *Williams* stands merely for the proposition that a *specific* federal criminal statute which defines and prohibits a particular offense preempts incorporation of the applicable state law regarding that very same offense. *See id.* at 716–18, 66 S.Ct. at 781–82. *See also United States v. Sharpnack*, 355 U.S. 286, 289, 293, 78 S.Ct. 291, 293, 295, 2 L.Ed.2d 282 (1958); *Fields v. United States*, 438 F.2d 205, 207–08 (2d Cir.) *cert. denied*, 403 U.S. 907, 91 S.Ct. 2214, 29 L.Ed.2d 684 (1971). Congress has not enacted a specific federal burglary statute. Accordingly, under the Act the state law of burglary is to be applied. *United States v. Prejean*, 494 F.2d 495, 497 (5th Cir. 1974); *United States v. Johnson*, 426 F.2d 1112, 1116 (7th Cir.),

*cert. denied*, 400 U.S. 842, 91 S.Ct. 86, 27 L.Ed.2d 78 (1970).

Moreover, burglary and larceny are separate and distinct offenses. "Where the state statute provides a theory essentially different from that provided in the federal statute, the government can proceed on either statute." *Fields v. United States, supra*, 438 F.2d at 207. *Accord, e.g., United States v. Eades*, 633 F.2d 1075, 1077 (4th Cir. 1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981) (upholding conviction based on state sexual offense statute despite overlap between federal assault provisions and state law); *United States v. Jones*, 244 F.Supp. 181 (S.D.N.Y.), *aff'd*, 365 F.2d 675, 679 (2d Cir. 1965) (prosecution under Act based on state disorderly conduct statute proper despite applicability of federal criminal provision).

■ In *Fields v. United States, supra*, we held that the defendant had been properly prosecuted under the Act for a malicious shooting, in violation of state law, even though his acts also violated the federal assault statute. Since the federal statute proscribed assaults and the state statute focused on a specific class of batteries, we found that the state statute presented an "essentially different" theory of criminal liability. *Fields v. United States, supra*, 438 F.2d at 207–08. Similarly, the New York state burglary statute is based on a theory essentially different from that provided in either the federal assault or larceny statutes. The proof essential to commit the crime of burglary requires evidence of entry into a building with intent to commit a crime therein, which is not a requisite to establish assault or larceny under federal statutes. As a result, convictions under the Act premised on state burglary statutes in New York are valid despite the fact that the evidence establishing the burglary also tends to prove assault and larceny. *See, e.g., United States v. Lavender*, 602 F.2d 639, 640–41 (4th Cir. 1979); *United States v. Big Crow*, 523 F.2d 955 (8th Cir. 1975), *cert. denied*, 424 U.S. 920, 96 S.Ct. 1126, 47 L.Ed.2d 327 (1976).

We now turn to Vaughan's claim that the district court erred in applying New York's second felony offender statute and in imposing its mandatory confinement period in fashioning the sentence on the second degree burglary conviction.

■ The Assimilative Crimes Act provides that a person on a federal enclave whose conduct would have violated state law "shall be guilty of a like offense and *subject to a like punishment.*" 18 U.S.C. § 13 (1976) (emphasis added). It is a well established principle that a state statute that fixes the length of a prison term should control the sentence imposed by federal courts under the Act. *Fields v. United States, supra,* 438 F.2d at 207. This principle gives effect to Congress' intent that federal prosecutions under the Act should reflect local policies of the various states. *United States v. Smith,* 574 F.2d 988, 992 (9th Cir.), *cert. denied,* 439 U.S. 852, 99 S.Ct. 158, 58 L.Ed.2d 156 (1978). State statutes mandating recidivist sentences reflect important local policies underlying the sentencing of criminals. Accordingly, state statutes mandating recidivist sentences should also control the sentence imposed by federal courts under the Act.

Furthermore, the word "punishment" has a broad and inclusive meaning. *See, e.g., Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (evaluating recidivist sentence as cruel and unusual punishment). Excluding recidivist sentences from the statutory term "like punishments" would give the word "punishment" an unduly narrow interpretation.

Section 70.02(1)(b) of the New York Penal Law classifies second degree burglary as a Class C violent felony. A first violent felony offender is subject to a minimum 4½ and a maximum 15-year sentence of imprisonment and must actually serve at least one-third of that sentence. N.Y. Penal Law §§ 70.02(3)(b), (4) (McKinney's 1980 Supp.). Where the defendant has previously been convicted of a violent felony offense, he is subject to the enhanced sentencing provisions of § 70.04. A second violent felony offender must receive a minimum eight year sentence and up to a maximum 15 years' imprisonment. N.Y. Penal Law § 70.04(3)(b) (McKinney's 1980 Supp.).

■ Vaughan had previously been convicted of a violent felony offense.[5] Accordingly, the trial court properly followed the state law in sentencing Vaughan to a term of eight years' imprisonment, the minimum that a second violent felony offender must receive under the enhanced sentencing provisions of § 70.04.

■ The more difficult question is whether appellant, sentenced to a federal prison, must be confined for one half the term of imprisonment without parole, as provided by the New York statute. N.Y. Penal Law § 70.04(4) (McKinney's 1980 Supp.). We hold that although the federal courts are bound to apply state law in their determination of the applicable range of years for the sentence, the Act does not require further adherence to state policy concerning terms of minimum confinement and parole eligibility. Since the appellant is a federal prisoner confined in a federal correctional facility, federal correctional policies should govern the conditions for his release on parole. To hold otherwise would impose a set of restrictions on Assimilative Crimes Act prisoners different from the rules affecting all other federal prisoners. Clearly, the correctional administration of federal prisons would be left in disarray if state policies concerning parole, such as good time credits, were enforced under the Act. *See United States v. Smith, supra,* 574 F.2d at 991–92. We do not think that Congress could have intended to create such differences in treatment.

Although the Parole Commission and Reorganization Act, 18 U.S.C. § 4205 (1976), states that the parole chapter shall not be construed as providing parole eligibility if the prisoner would be "ineligible for such release under any other provision of law," *id.* at § 4205(h), the legislative history of this subsection reveals that it was only in-

5. Vaughan was convicted of second degree robbery in 1975.

tended to preserve "[e]xisting powers of the sentencing court and certain special provisions relating to eligibility for parole ...." H.R.Rep.No.838, 94th Cong., 2d Sess. 25 (1976), *reprinted in* [1976] U.S.Code Cong. & Admin.News 351, 357. As the Ninth Circuit stated in *United States v. Smith, supra,* this explanation is consistent with preserving the discretionary power of the court to require a one-third minimum period of incarceration under § 4205(b), and to permit Congress explicitly to mandate a minimum period for certain crimes. *Id.* at 992–93. Absent a specific directive from Congress that state mandatory confinement periods must be followed under the Act, we decline to impose state parole policies on a federal prisoner.

We have examined Vaughan's other contentions and find them wholly without merit. The judgment of conviction is affirmed. We vacate that part of the trial court's judgment which mandated a minimum four-year period of incarceration before Vaughan could be eligible for parole.