UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul W. PRICE, Defendant-Appellant.

No. 86–5083.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 12, 1986.

Decided Feb. 24, 1987.

Raymond Dennis Large (Hunter & Large, Sylva, N.C., on brief), for defendant-appellant.

Jerry Wayne Miller, Asst. U.S. Atty. (Charles R. Brewer, U.S. Atty., James R. Fitzner, Asst. U.S. Atty., Asheville, N.C., on brief), for plaintiff-appellee.

Before PHILLIPS and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Paul W. Price appeals a judgment sentencing him on his plea of guilty to ten years' imprisonment for taking indecent liberties with an eight-year old child for sexual purposes. Price, who is not an Indian, committed the offense against an Indian on the Cherokee Indian Reservation. He was convicted of violating North Carolina General Statute § 14–202.1(a)(1), which was assimilated into federal law pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13. Price's assignments of error raise two issues: whether the North Carolina Fair Sentencing Act is applicable; and if the Act applies, whether the district court erred in its consideration of mitigating and aggravating factors.

The district court held that the Fair Sentencing Act was not applicable to prosecutions brought under the Assimilative Crimes Act. Nevertheless, it sentenced in accordance with the Fair Sentencing Act. We conclude that the Fair Sentencing Act is applicable and that the district court substantially complied with it. Accordingly, we affirm the judgment of the district court.

## I

North Carolina punishes any person taking indecent liberties with a child under 16 for the purpose of arousing or gratifying sexual desire as a class H felony. N.C. Gen.Stat. § 14–202.1(a)(1) and (b). The maximum imprisonment for a class H felony is 10 years. § 14–1.1(a)(8). North Carolina's Fair Sentencing Act specifies that the presumptive sentence for a class H felony is three years. § 15A–1340.4(f)(6). The court, however, can depart from the presumptive sentence by weighing mitigating and aggravating factors that are proved by a preponderance of the evidence. If aggravating factors outweigh mitigating factors, the court may impose punishment up to the statutory maximum. Conversely, if mitigating factors preponderate, the court may impose a sentence less than the presumptive sentence. The court must explain its reasons for enhancing or reducing a sentence. § 15A–1340.4(a) and (b).

We cannot accept the government's contention that the North Carolina Fair Sentencing Act is inapplicable. The Assimilative Crimes Act provides that a person who commits a crime at a place subject to federal jurisdiction which does not violate federal law but violates the law of a state where the place is situated "shall be guilty of a like offense and subject to a like punishment." 18 U.S.C. § 13. Courts have long recognized that the plain language of this statute should be given effect. Speaking of an earlier version, the Supreme Court explained that an assimilated crime "although punished as an offense against the United States, was punishable only in the way and to the extent that it would have been punishable if the territory embraced by the reservation remained subject to the jurisdiction of the state." *United States v. Press Publishing Co.,* 219 U.S. 1, 10, 31 S.Ct. 212, 214, 55 L.Ed. 65 (1911). The Court has also observed that while Congress could adopt a criminal code for federal enclaves, it has instead provided that "there shall be complete current conformity with the criminal laws of the respective states in which the enclaves are situated." *United States v. Sharpnack,* 355 U.S. 286, 293, 78 S.Ct. 291, 295, 2 L.Ed.2d 282 (1958). In accord with the Court's literal interpretation of the statute we have held that the "Act was designed to assimilate the entire state criminal law into any appropriate federal enclave and does not contemplate selective incorporation." *United States v. Robinson,* 495 F.2d 30, 33 (4th Cir.1974).

■ The Assimilative Crimes Act assimilates state substantive law pertaining to the elements of an offense and its punishment. It does not generally adopt state procedures or rules of evidence. *Kay v. United States,* 255 F.2d 476, 479 (4th Cir. 1958). Because the North Carolina Fair Sentencing Act is codified in a chapter dealing with criminal procedure, the government argues that it is not assimilated as part of state substantive law. This argument, though superficially appealing, will not bear close scrutiny.

To determine the sentence for a class H felony that the legislature deemed appropriate, a North Carolina judge must look to other sections of the North Carolina Code for the maximum sentence and the presumptive sentence. The codification of the Fair Sentencing Act in the chapter dealing with criminal procedure does not establish that it is not assimilated. To comply with the Assimilative Crimes Act's mandate to impose "like punishment," a federal judge, like his state counterpart, must refer to the Fair Sentencing Act to ascertain the presumptive sentence and the factors that justify its reduction or enhancement.

The government argues, however, that a federal court's reference to North Carolina statutes prescribing sentences for a class H felony should be limited to ascertaining the range of punishment, which in this case is imprisonment not to exceed ten years. In support of its argument the government relies on *United States v. Vaughan,* 682 F.2d 290 (2d Cir.1982), and 18 U.S.C. § 3577.

Neither of these authorities forecloses application of the Fair Sentencing Act. *Vaughan* held that a district court properly sentenced a burglar to enhanced punishment as a second offender pursuant to state law but that the district court could not impose the minimum length of confinement specified by state law. In reaching this conclusion, the court reconciled federal statutes governing good time credits and eligibility for parole with the Assimilative Crimes Act and concluded that federal law should govern the conditions of confinement and release from a federal institution. The issue in *Vaughan* does not arise in this case. State law requires no minimum term of punishment for Price's offense. He will be released from prison according to federal law.

We have no difficulty reconciling 18 U.S.C. § 3577 * with the assimilation of North Carolina's Fair Sentencing Act. Section 3577 places no limitation on the information concerning the background, character, and conduct of a person convicted of crime which a federal court may consider in imposing an appropriate sentence. Similarly, the factors which a court may consider under the Fair Sentencing Act cover a broad range of information about the defendant's background, character, and conduct. Furthermore, the Act does not require a judge to consider only the factors listed in the statute. *See* § 15A–3040.4(a). Conceivably some information permitted by § 3577 could be excluded by the Fair Sentencing Act, but the government has not suggested that such information exists in this record. We therefore find no occasion for holding that § 3577 bars application of the Fair Sentencing Act.

## II

Although the district judge concluded that the Fair Sentencing Act was not assimilated, he complied with it. Price contends that his compliance was faulty in two respects. Four witnesses testified to Price's good character. The first had not had any contact with Price for a period of about nine years before the offense. The second rented Price a trailer for two and a half years but never observed him around young school children. The third had seen Price only intermittently since 1970. The fourth rented a trailer to Price "a good while ago." Although good character is a mitigating factor, the court did not mention the testimony of these witnesses when it imposed sentence. This omission, Price contends, is error.

The Fair Sentencing Act reposes discretion in the trial judge. He has wide latitude in determining the existence of mitigating and aggravating factors. *See State v. Thompson,* 310 N.C. 209, 311 S.E.2d 866, 872 (1984). The district court could properly conclude that the testimony of the character witnesses was too vague to establish the existence of Price's good character as a

---

* The Sentencing Reform Act of 1984, P.L. 98–473, § 212, 98 Stat. 2031 (1984), redesignated Section 3577 as Section 3661. This renumbering becomes effective November 1, 1987. *See* Sentencing Reform Amendments Act of 1985, P.L. 99–217, § 4, 99 Stat. 1728 (1985).

mitigating factor. The district court, however, found as statutory mitigating factors that Price had no prior criminal record and that he was honorably discharged from military service. § 15A–1340.4(a)(2)(a) and (o). The court did not err in its consideration of mitigating factors.

The district court found two statutory aggravating factors: the victim was "very young;" and Price, a teacher, took advantage of a position of trust or confidence to commit the offense. § 15A–1340.-4(a)(1)(j) and (n). Finally, the court found that the aggravating factors outweighed the mitigating factors, justifying punishment in excess of the presumptive sentence.

Price assigns error to the district court's consideration of the victim's age as an aggravating factor, predicating his argument on two statutory provisions. Age of the victim is an element of the offense which proscribes taking indecent liberties with a child under the age of 16 years. § 14–202.-1(a)(1). The Fair Sentencing Act prohibits using evidence that establishes an element of the offense to prove an aggravating factor. § 15A–1340.4(a)(1).

The district court's finding that the eight-year old victim was "very young" is not clearly erroneous in the context of this case, which dealt with the vulnerability of a child to indecent sexual liberties. The element of age in the offense spans 16 years. Proof that the victim was "very young" is not necessary to prove the offense, and consequently the aggravating factor and the offense do not merge. The district court's reasoning is supported by *State v. Ahearn*, 307 N.C. 584, 603, 300 S.E.2d 689, 701 (1983), in which the court held that the age of a two-year old victim of child abuse was not an element of a statutory offense that stipulated the child must be less than sixteen years of age. The court explained that vulnerability is the concern addressed by the aggravating factor pertaining to "very young" victims.

AFFIRMED.