838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William S. Torbit, Defendant-Appellant.
 No. 87-5082.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 12, 1988.
Decided Jan. 28, 1988.
 
 Wilbur Wesley Bolton, III on brief for appellant.
 Carmina S. Hughes, Assistant United States Attorney, Breckinridge L. Willcox, United States Attorney on brief for appellee.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and YOUNG, Senior United States District Judge for District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 William S. Torbit, defendant/appellant, appeals from his conviction pursuant to the Assimilative Crimes Act, 18 U.S.C. Sec. 13. On December 22, 1985, Torbit was charged under the Assimilative Crimes Act with driving while intoxicated[1] and reckless driving[2] on the premises of the Aberdeen Proving Ground, Maryland. The complaint was filed before Magistrate Rosenberg on January 16, 1986, and further proceedings were scheduled for February 12, 1986. The proceedings scheduled for February 12, 1986 were subsequently rescheduled for April 3, 1986 at the request of the defense counsel.
 
 
 2
 On April 3, 1986, the defendant requested to be tried before a judge of the United States District Court for the District of Maryland. The case was transferred from the Magistrate's office to the United States District Court Clerk's Office on May 6, 1986.
 
 
 3
 Commencing with telephone conversations in June of 1986, the defense counsel and Assistant United States Attorney James Savage entered into a plea negotiation. On August 29, 1986, the government sent to the defense counsel a letter regarding the plea negotiations. The defendant failed to respond to the government's letter. On December 12, 1986, the government called the defense counsel, who indicated that, in all likelihood, his client would enter a plea of guilty. On December 24, 1986, the prosecutor called the defense counsel, again.
 
 
 4
 After the first of the year, the defense counsel notified the government that his client was going to file a motion to dismiss the complaint for violations of the Speedy Trial Act. The government proceeded to file a two-count information on January 15, 1987. The arraignment was postponed until February 4, 1987.
 
 
 5
 The trial was held on March 30, 1987 before Judge Black. The defendant filed motions to dismiss the complaint and the information on the basis that they violated the Speedy Trial Act. The Motion to Dismiss the complaint was granted pursuant to 18 U.S.C. Sec. 3161(a) because the information was not filed within 30 days of April 3, 1986, the date on which the defendant had requested a trial before the United States District Court. However, the district court denied the request to have it dismissed with prejudice. The case proceeded on the information; the defendant was found not guilty of driving while intoxicated and reckless driving but was found guilty of the lesser included offenses of driving while impaired[3] and negligent driving.[4]
 
 I.
 
 6
 The defendant argues that the Assimilative Crimes Act adopts the elements and punishment, as well as the statute of limitations, of the state crime that is being assimilated. Under Maryland law, the statute of limitations for misdemeanors is only one year and would have expired on December 22, 1986, prior to the filing of the information. Md.Courts Code Ann. Sec. 5-106. Therefore, if the state statute of limitations is applied, the defendant's conviction must be reversed. The federal statute of limitations, on the other hand, provides for a five year period of limitations. 18 U.S.C. Sec. 3282.
 
 
 7
 The Assimilative Crimes Act provides that a person who commits a crime at a place subject to federal jurisdiction which does not violate federal law but violates the law of a state where the place is situated "shall be guilty of a like offense and subject to a like punishment." Courts have recognized that, in interpreting the Act, the plain language of the statute should be given effect. United States v. Price, 812 F.2d 174, 175 (4th Cir.1987). The Supreme Court has explained that an assimilated crime "although punished as an offense against the United States, was punishable only in the way and to the extent that it would have been punishable if the territory embraced by the reservation remained subject to the jurisdiction of the state." United States v. Press Publishing Co., 219 U.S. 1, 10 (1911). It also noted that "there shall be complete current conformity with the criminal laws of the respective states in which the [federal] enclaves are situated." United States v. Sharpnack, 355 U.S. 286, 293 (1958).
 
 
 8
 Although the language in these cases appear broad, other cases have specifically limited the scope of such assimilation. As noted in Price, the Act assimilates state substantive law pertaining to the elements of an offense and its punishment. Price, 812 F.2d at 175. However, it does not generally adopt state procedures or rules of evidence. Id. According to the Second Circuit, it also does not assimilate conditions of confinement and release from a federal institution. United States v. Vaughan, 682 F.2d 290, 294-95 (2d Cir.1982), cert. denied, 459 U.S. 946 (1982). Indeed, state interpretations of their own statute is not binding on a federal prosecution under the Act. Kay v. United States, 255 F.2d 476, 479 (4th Cir.1958), cert. denied, 358 U.S. 825 (1958).
 
 
 9
 It is clear that the Act creates a federal offense. Smayda v. United States, 352 F.2d 251, 253 (9th Cir.1965), cert. denied, 382 U.S. 981 (1966). The Act merely refers to the state statutes for its definition and its penalty. See Price, 812 F.2d at 175. It is also clear that time is not an element of the crime. United States v. Andem, 158 F. 996, 1000 (D.C.N.J.1908). We, therefore, hold that the Act does not incorporate the state statute of limitations. Id.; cf. United States v. Revel, 493 F.2d 1, 3 (5th Cir.1974), cert. denied, 421 U.S. 909 (1975).
 
 II.
 
 10
 The decision as to whether a dismissal should be with or without prejudice lies in the sound discretion of the district court. United States v. Thomas, 705 F.2d 709, 710 (4th Cir.1983), cert. denied, 464 U.S. 890 (1983). Title 18 U.S.C. Sec. 3162(a)(1) outlines the factors that should be considered in determining whether a complaint should be dismissed with or without prejudice. Those factors are the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice.
 
 
 11
 As the district court found, and as the Supreme Court has repeatedly recognized, drunk driving is a serious offense. See South Dakota v. Neville, 459 U.S. 552, 558 (1983). Moreover, the circumstances of the case which led to the dismissal was purely technical. The clerk of the magistrate court had failed to transfer the case to the district court clerk within 30 days from the date on which the defendant had requested a trial before the district court. With regard to the impact of a reprosecution on the administration of the Speedy Trial Act, the district court found that at least part of the delay could be attributed to the defendant and his counsel. The court noted that during the ensuing 8 months, plea negotiations were ongoing. The court also found that the administration of justice would be adversely affected by permitting a defendant, who was not prejudiced, to avoid prosecution merely because the clerk's office was slow in transferring the files.
 
 
 12
 In view of such circumstances, it cannot be said that the district court abused its discretion in dismissing the complaint without prejudice.
 
 
 13
 The defendant also argues that, even if the case should not have been dismissed with prejudice under the Speedy Trial Act, it should have been dismissed pursuant to Fed.R.Crim.P. 48. Rule 48 provides for a discretionary dismissal because of an unjust and unreasonable failure to prosecute. Since the defendant was partly responsible for the delay, the government's failure to prosecute was not unjust or unreasonable. Therefore, the district court did not abuse its discretion in not dismissing the case pursuant to Rule 48.
 
 
 14
 For the foregoing reasons, we affirm the defendant's conviction.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Md.Trans.Code Ann. Sec. 21-902(a)
 
 
 [2]
 Md.Trans.Code Ann. Sec. 21-901.1(a)
 
 
 [3]
 Md.Trans.Code Ann. Sec. 21-902(b)
 
 
 [4]
 Md.Trans.Code Ann. Sec. 21-901.1(b)