856 F.2d 187
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph Samuel NOLDEN, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-7634.
 United States Court of Appeals, Fourth Circuit.
 SUBMITTED: July 8, 1988.
DECIDED: Aug. 24, 1988.
 
 Joseph Samuel Nolden, Jr., appellant pro se.
 Rudolf A. Renfer, Jr. (Office of the U.S. Attorney), for appellee.
 Before K.K. HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joseph Nolden appeals his sentence for felonious burglary under the Assimilated Crimes Act (ACA), 18 U.S.C. Sec. 13, and North Carolina law. Nolden claims that his 10-year sentence is illegal because it exceeds the presumptive sentence of 3 years mandated by the North Carolina Fair Sentencing Act. N.C.Gen.Stat. Sec. 15A-1340.4. We remand.
 
 
 2
 In United States v. Price, 812 F.2d 174 (4th Cir.1987), and United States v. King, 824 F.2d 313 (4th Cir.1987), we held that the ACA incorporates "the entire substantive criminal law of the state, including laws relating to the definition and scope of an offense and laws governing the manner in which an offense is to be punished." United States v. King, 824 F.2d at 315. See also United States v. Price, 812 F.2d at 175. The purpose of the ACA is to incorporate, in its entirety, the law of the neighboring state into any federal enclaves to promote comity and afford punishment consistent throughout the various states. United States v. Price, 812 F.2d at 175.
 
 
 3
 In enacting the Fair Sentencing Act, North Carolina undertook a revision of its sentencing process to insure less disparity, more certainty, and less judicial discretion in sentences imposed. State v. Ahearn, 307 N.C. 584, 594-95, 300 S.E.2d 689, 695-96 (1983). As a result, North Carolina now has created a determinate sentencing process--a defendant is entitled to be sentenced to a presumptive sentence unless the trial judge makes specific findings of fact, proved by a preponderance of the evidence, that there are special circumstances that warrant aggravation or mitigation of the presumptive sentence. 307 N.C. at 596, 300 S.E.2d at 686. See also, N.C.Gen.Stat. 15A-1340.4(a)(1-2).
 
 
 4
 The district judge found three aggravating circumstances: (1) Nolden knowingly created a great risk of death to more than one person by means of a weapon (butcher knife) which would normally be hazardous to the lives of more than one person, N.C.Gen.Stat. 15A-1340.4(a)(1)(g); (2) Nolden was armed with or used a deadly weapon (butcher knife) at the time of the crime, N.C.Gen.Stat. 15A-1340.4(a)(1)(i); and (3) Nolden had prior convictions for criminal offenses punishable by more than 60 days confinement, N.C.Gen.Stat. 15A-1340.4(a)(1)(o). The district judge also found one mitigating circumstance, that Nolden had been honorably discharged from military service, N.C.Gen.Stat. 15A-1340.4(a)(2)(o), but concluded that it was outweighed by the factors in aggravation.
 
 
 5
 The district judge erred only in finding that Nolden knowingly created a great risk of death to more than one person by means of a butcher knife. This is because a butcher knife is not a weapon that, simply by its use, is normally dangerous to the lives of more than one person. See State v. Bethea, 71 N.C.App. 125, 321 S.E.2d 520 (1984). As the court in Bethea noted:
 
 
 6
 The legislature intended this aggravating factor to be limited to those weapons or devices which are indiscriminate in their hazardous power. Automatic weapons such as machine guns or bombs would fit that description. These weapons are normally hazardous to the lives of more than one person.
 
 
 7
 71 N.C.App. at 129, 321 S.E.2d at 523 (emphasis in original). While a butcher knife is, without doubt, sometimes dangerous to more than one person, it is not normally so dangerous. See State v. Bethea, supra, (a rifle is not a weapon normally dangerous to the lives of more than one person); State v. Jones, 83 N.C.App. 593, 351 S.E.2d 122 (1986) (a .38 caliber handgun is not a weapon normally dangerous to the lives of more than one person), review denied, 319 N.C. 461, 356 S.E.2d 9 (1987). Thus, this finding is "clearly erroneous." See United States v. Price, 812 F.2d at 177.
 
 
 8
 Determining the effect of this error is a harder task. In the past, state sentences were reviewed in federal court only against the constraints of the eighth amendment. However, there has been a recent trend in the states to adopt sentencing guidelines statutes which create, as a matter of state law, a substantive right to a presumptive sentence. See N.C.Gen.Stat. 15A-1340.3. See also Miller v. Florida, 55 U.S.L.W. 4814, 4816-17 (U.S. June 9, 1987) (No. 86-5344). In those states that have adopted such a sentencing scheme, the ACA requires the federal courts to measure state sentences against the developing body of state law spawned by sentencing guidelines. See United States v. Price, supra. This is an approach guided by longstanding precedent. In United States v. Press Publishing Co., 219 U.S. 1 (1911), the Court noted:
 
 
 9
 [I]t is apparent that the [ACA], instead of fixing by its own terms the punishment for crimes committed on such reservations which were not previously provided for by a law of the United States, adopted and wrote in the state law, with the single difference that the offense, although punished as an offense against the United States, was nevertheless punishable only in the way and to the extent that it would have been punishable if the territory embraced by the [federal] reservation remained subject to the jurisdiction of the State.
 
 
 10
 Id. at 9-10 (emphasis added). See also United States v. Binder, 769 F.2d 595 (9th Cir.1985) (state law requiring mandatory minimum sentence, without parole); United States v. Vaughn, 682 F.2d 290 (2d Cir.), (state law mandating recidivist sentences) cert. denied, 459 U.S. 946 (1982); United States v. Dunn, 545 F.2d 1281 (10th Cir.1976) (state law concerning youthful offenders). See also United States v. Rowe, 599 F.2d 1319 (4th Cir.1979) (state law interpretation of what is "punishment" determines what is assimilated under the ACA). Thus, the effect of the error here is controlled by North Carolina law.
 
 
 11
 Consistent with the revision of North Carolina sentencing procedures, North Carolina requires remand in every case in which the judge erred in a finding in aggravation and imposed a sentence beyond the presumptive term. State v. Ahearn, 307 N.C. at 602, 300 S.E.2d at 701. The rationale for this holding was made clear in Ahearn:
 
 
 12
 [A]ny error in a sentencing procedure gives rise to a twofold analysis. Reliance on a factor in aggravation determined to be erroneous may or may not have affected the balancing process which resulted in the decision to deviate from the presumptive sentence. Certainly there will be many cases where, on remand, the trial judge will properly reach the same result absent the erroneous finding. We repeat that the weight to be given any factor is within the sound discretion of the sentencing judge. The judge is not required to engage in a numerical balancing process. By the same token, our appellate courts should not attempt to second guess the sentencing judge with respect to the weight given to any particular factor. Nor should appellate courts engage in numerical balancing in order to determine whether a sufficient number of aggravating factors remain to "tip the scales."
 
 
 13
 More important, however, it must be assumed that every factor in aggravation measured against every factor in mitigation, with concomitant weight attached to each, contributes to the severity of the sentence--the quantitative variation from the norm of the presumptive term. It is only the sentencing judge who is in a position to re-evaluate the severity of the sentence imposed in light of the adjustment.
 
 
 14
 Id. at 602, 300 S.E.2d at 700-01 (emphasis in original). Thus, this Court is obligated to order remand of this cause.
 
 
 15
 In United States v. Price, supra, we examined the district court's findings of aggravating and mitigating factors under North Carolina's Fair Sentencing Act and found them not to be clearly erroneous. 812 F.2d at 176-77. However, we did not address what should occur if the district court's findings were erroneous. This case presents that problem. We note initially that the type of reconsideration mandated by State v. Ahearn, supra, is a substantive requirement and is also incorporated by the ACA. See United States v. Price, Id. at 175. See also United States v. Robinson, 495 F.2d 30 (4th Cir.1974) (the ACA does not contemplate "selective incorporation" of state criminal law). Consistent with the Ahearn requirements, we now hold that on remand the district court may certify "without qualification" that (1) it would have departed from the presumptive sentence without considering the disputed aggravating circumstance and (2) it would have departed to the same extent without considering the disputed aggravating circumstance.* If the court is unable to make this certification, it should conduct a new sentencing hearing to reconsider the sentence to make it comply with North Carolina guidelines. See 307 N.C. at 602, 300 S.E.2d at 701.
 
 
 16
 Nolden has also moved for bail pending appeal. Only upon a showing of substantial claims and of exceptional circumstances will this Court grant release pending appeal of the denial of a habeas petition. See Ostrer v. United States, 584 F.2d 594, 599 (2d Cir.1978). Nolden has failed to make this requisite showing and his motion for bail is denied.
 
 
 17
 Finding the facts and legal arguments are adequately presented in the briefs and the record and that the decisional process would not be aided significantly by oral argument, we dispense with oral argument and remand for proceedings consistent with this opinion.
 
 
 18
 REMANDED.
 
 
 
 *
 We draw the "without qualification" certification from the closely analagous situation where, on remand, a district court is faced with a defendant's challenge to prior uncounseled convictions. See Strader v. Troy, 571 F.2d 1263, 1267 (4th Cir.1978)