924 F.2d 1053
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald CARD, Defendant-Appellant.
 No. 90-5313.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1990.
Decided Jan. 31, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CR-90-9-A)
 Lloyd F. Sammons, Sammons & Smith, Alexandria, Va., for appellant.
 Henry E. Hudson, United States Attorney, Richard William Westling, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE, CHAPMAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lance Corporal Donald Card, USMC, appeals his conviction for driving under the influence of alcohol on federal land in Quantico, Virginia. Card was convicted under the Assimilated Crimes Act (ACA), 18 U.S.C. Sec. 13, of violating Va.Code Ann. Sec. 18.2-266, which prohibits people with a blood alcohol concentration of .10 percent or more from operating a motor vehicle. Because we find that Card's appeal lacks merit, we affirm the district court's dismissal of the appeal.
 
 
 2
 On July 5, 1989, Card was arrested by military police (MP) conducting a routine 100 percent identification check at the entrance to the Quantico Marine Corps Base on land under the special maritime and territorial jurisdiction of the United States. After the MP detected the odor of alcohol on Card's breath, the MP administered several field sobriety tests to Card. Card's poor performance on the field sobriety tests prompted the MP to take Card to the MP station for a breath alcohol test. Card's test result was .17 percent--well in excess of the .10 percent level required to violate Sec. 18.2-266. At no time did Card request, nor was he offered, any alternative test.
 
 
 3
 Card raises only one argument here. He contends that Virginia's implied consent statute, Va.Code Ann. Sec. 18.2-268, is assimilated under the ACA and that, therefore, the MP's failure to offer Card his choice of either a blood or breath test, as mandated by Sec. 18.2-268, violated due process and requires reversal of his conviction.
 
 
 4
 * The ACA provides that conduct occurring on land under the special maritime and territorial jurisdiction of the United States which is not expressly prohibited by federal law is governed by the penal laws of the state where the land is located. The ACA assimilates the entire substantive law of the state, including laws relating to the definition and scope of an offense and laws governing the manner in which an offense is to be punished. United States v. King, 824 F.2d 313, 315 (4th Cir.1987); United States v. Price, 812 F.2d 174, 175 (4th Cir.1987). Although the ACA assimilates state substantive law pertaining to the elements of an offense and its punishment, it does not generally adopt state procedures or rules of evidence. United States v. Wilmer, 799 F.2d 495 (9th Cir.1986), cert. denied, 481 U.S. 1004 (1987); Kay v. United States, 255 F.2d 476, 479 (4th Cir.), cert. denied, 358 U.S. 825 (1958).*
 
 
 5
 Here, it appears that Sec. 18.2-268, which affords defendants the opportunity to elect either a blood or a breath test when arrested on suspicion of intoxicated driving, addresses only how--not what--the state must prove to obtain a conviction. Thus, it appears that Sec. 18.2-268 is a procedural provision lying outside the purview of the ACA. Therefore, the MP's noncompliance with the Virginia statute did not violate any of Card's federally-protected rights. In addition, because 18 U.S.C. Sec. 3117(a) provides a method of proof for driving under the influence of alcohol, there is no need to refer to the state law which does the same.
 
 II
 
 6
 Regardless of whether Sec. 18.2-268 is deemed to be a procedural rule outside the ACA's purview, it is clear that in a federal criminal proceeding, the admissibility of evidence is governed by federal standards. Fed.R.Evid. 400, 401; United States v. McMillan, 820 F.2d 251, 255 (8th Cir.), cert. denied, 484 U.S. 898 (1987); United States v. Sacco, 491 F.2d 995, 1003 (9th Cir.1974). Therefore, Sec. 18.2-268(1), which provides that tests taken in conformity with the procedures mandated in Sec. 18.2-268 are admissible in court, can be given no effect in a federal court proceeding where federal evidentiary rules apply.
 
 
 7
 In conclusion, we hold that Card has no constitutional right to enjoy the benefits afforded him under Virginia's implied consent statute when he was arrested on federal land under the special maritime and territorial jurisdiction of the United States. Accordingly, the district court's dismissal of Card's appeal is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 In Kay, even though the assimilation of a state evidentiary rule on the admissibility of blood test results in court appeared to result in the adoption of a procedural rule, this Court held that it did not because this admissibility rule, unlike the one contested here, amounted to a "redefinition" of the offense