952 F.2d 397
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonza EURE, Defendant-Appellant.
 No. 91-5602.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 5, 1991.
Decided Dec. 30, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. (CR-91-40-N), J. Calvitt Clarke, Jr., Senior District Judge.
 
 
 1
 J. Barry McCracken, Cook & McCracken, Norfolk, Va., for appellant.
 
 
 2
 Kenneth E. Melson, United States Attorney, Julie L. Tinker, Assistant United States Attorney, Kevin M. Comstock, Special Assistant United States Attorney, Norfolk, Va., for appellee.
 
 
 3
 E.D.Va.
 
 
 4
 AFFIRMED.
 
 
 5
 Before DONALD RUSSELL, MURNAGHAN and NIEMEYER, Circuit Judges.
 
 OPINION
 PER CURIAM:
 
 6
 Alfonza Eure appeals an order of the district court affirming his conviction by a magistrate judge for driving under the influence of alcohol (second offense) at the Naval Air Station Oceana base. Eure was convicted under the Assimilative Crimes Act, 18 U.S.C. § 13 (1988), for violating Va.Code Ann. § 18.2-266(ii) (Michie 1988) which declares it to be unlawful to drive a motor vehicle while under the influence of alcohol. We find Eure's appeal without merit and affirm.
 
 
 7
 On October 1, 1990, Eure was stopped by a member of the base security force due to erratic driving on land under the special maritime and territorial jurisdiction of the United States. While stopped along the roadside, Eure performed several field sobriety tests and gave a preliminary breath sample. He was then taken into custody and advised of his rights under the federal implied consent law, 18 U.S.C. § 3117(a) (1988). That statute declares that a driver on federal land arrested for drunken driving impliedly consents to a breath, blood, or urine test. Under Virginia's implied consent law, Va.Code Ann. § 18.2-268 (Michie Supp.1991), an arrested driver is given a choice between a breath and a blood test if both are available. Eure was not offered a choice. The second breath test, performed one hour and twenty minutes after the stop, registered 0.15% by weight by volume. That result triggered a rebuttable statutory presumption of intoxication under Va.Code Ann. § 18.2-269 (Michie Supp.1991).
 
 
 8
 Eure was convicted before a federal magistrate judge for the Eastern District of Virginia whose decision was later affirmed by a district judge. Eure contends on this appeal that Virginia's implied consent law, section 18.2-268, must be assimilated under the Assimilative Crimes Act if federal prosecutors want to use the state's statutory rebuttable presumptions of intoxication in section 18.2-269.
 
 
 9
 The Assimilative Crimes Act states that acts or omissions which are not prohibited by federal law are instead controlled by the surrounding state's law on land within the special maritime and territorial jurisdiction of the United States. 18 U.S.C. § 13(a). The Act assimilates for federal prosecutions a state's substantive law, such as the elements of a crime and terms of punishment, but generally does not use state procedural law or its rules of evidence. United States v. Price, 812 F.2d 174, 175 (4th Cir.1987); Kay v. United States, 255 F.2d 476, 479 (4th Cir.), cert. denied, 358 U.S. 825 (1958).
 
 
 10
 Affording defendants a choice between a blood and a breath test when charged with drunken driving, as Virginia permits under section 18.2-268, goes to the mechanics of proof. The section establishes a procedural provision outside the ambit of the Assimilative Crimes Act. As the federal implied consent law, 18 U.S.C.A. § 3117(a) (which does not offer an arrestee his or her election of tests), does offer another method of proof in these prosecutions, we think there is no need to use the state procedure to trigger the statutory presumptions. Admitting evidence in a federal criminal proceeding is governed by federal standards. United States v. McMillan, 820 F.2d 251, 255 (8th Cir.) (defendant's objections to intoxilyzer procedures as not following South Dakota law go to weight of evidence, but not admissibility), cert. denied, 484 U.S. 898 (1987).
 
 
 11
 The predecessor of section 18.2-269, which declared a presumption of intoxication at 0.15% by weight of alcohol in the blood rather than today's 0.10%, was assimilated for federal prosecution purposes in Kay, 255 F.2d at 479. We said then the state presumptions amounted to a redefinition of driving under the influence and were not merely procedural. Id. The state legislature's subsequent lowering of the percentage threshold is no reason to change our result.
 
 
 12
 Eure was properly tried in a federal forum when breath test results obtained in conformance with federal rather than state implied consent law were admitted into evidence and the prosecutor was permitted then to use the state's presumption of intoxication. His conviction is affirmed.
 
 
 13
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.