**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 98-4135

WALTER O. CRAWFORD, III,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Jerome B. Friedman, District Judge.
(CR-97-60)

Submitted: July 7, 1998

Decided: July 31, 1998

Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Brian Donnelly, Virginia Beach, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Damon A. King, Special Assistant
United States Attorney, Fort Eustis, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Walter O. Crawford, III, was convicted of driving under the influence of alcohol, in violation of 18 U.S.C.§ 13 (1994), assimilating Va. Code Ann. § 18.2-266 (Michie 1997), and refusing to submit to a breath, blood, or urine test, in violation of 18 U.S.C. § 3118 (1994). On appeal, Crawford alleges that the district court erroneously admitted evidence of his refusal to take a post-arrest breathalyzer test in violation of state law and that his sentence is in violation of state and federal law. Finding no reversible error, we affirm.

A military policeman ("MP") stopped Crawford after he observed Crawford driving erratically within the limits of Fort Eustis, a federal military reservation. The MP noticed a strong smell of alcohol on Crawford's breath and administered three field sobriety tests, all of which Crawford failed. The MP offered Crawford a preliminary breath test, which he refused. Crawford was then transported to the military police station where he was advised of the implied consent statute and offered a breath or blood test. Crawford refused both. At a bench trial before a federal magistrate, the Government introduced, over defense objection, evidence of Crawford's refusal to submit to chemical tests. Crawford was convicted and sentenced to a $500 fine and three years of supervised probation. As a special condition of probation, Crawford was prohibited from operating a motor vehicle on a public highway for a period of three years.

Decisions regarding the admission or exclusion of evidence are committed to the sound discretion of the trial court and will not be reversed absent an abuse of that discretion, and we find no such abuse here. See United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). Crawford alleges that the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13 (1994), also assimilates the Virginia statute that prohibits a prosecutor from introducing evidence that the defendant refused a breath test during a prosecution for driving under the influence.**1** We disagree.

_____

**1** See Va. Code Ann. § 18.2-268.10 (Michie 1997).

2

It is well-settled that the ACA assimilates for federal prosecutions a state's substantive law, but generally does not use state procedural law or its rules of evidence. See United States v. Price, 812 F.2d 174, 175 (4th Cir. 1987); Kay v. United States, 255 F.2d 476, 479 (4th Cir. 1958). We find that the statute upon which Crawford relies is clearly an evidentiary rule. Moreover, there is no need to look to state law in the present case because 18 U.S.C. § 3118(b) (1994) expressly allows for the admission of the challenged evidence.

Contrary to Crawford's assertions, we find nothing in federal or state law which prohibited the magistrate judge from restricting his driving privileges as a special condition of probation. Federal courts may impose any condition on probation so long as it is reasonably related to the factors set forth in 18 U.S.C. § 3553(a) (1994). See 18 U.S.C. § 3563(b). In the present case, we find that the magistrate judge properly considered the factors required under§ 3553(a), and the restriction imposed does not last longer than the probationary period.**2** Moreover, the restriction was not imposed as a fine, but rather as a condition of probation.

We therefore affirm Crawford's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
**2** We note that while the restriction seems harsh on the surface, the magistrate court was faced with an individual who had had four convictions for driving under the influence in the last six years and was on probation for one of those convictions at the time of the instant offense.