**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4879

CYNTHIA L. JONES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-99-208)

Submitted: April 20, 2000

Decided: September 14, 2000

Before LUTTIG, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Affirmed in part and vacated in part by unpublished per curiam opinion.

_____

**COUNSEL**

Donald R. Allen, Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Amanda L. Eller, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Cynthia L. Jones appeals from her convictions for multiple traffic violations. We vacate her conviction and sentence for reckless driving. In all other respects, we affirm.

Jones was stopped at Fort Belvoir for driving forty-five miles per hour in a twenty-five-mile-per-hour zone. The military policeman who stopped her determined that she was inebriated. As a result, Jones was charged with multiple violations of Virginia law, as assimilated by 18 U.S.C.A. § 13 (West Supp. 1999). The district court found Jones guilty of operation of a motor vehicle by a habitual offender, driving while intoxicated, reckless driving, and failure to display registration. This appeal followed.

Jones contends the district court erred in admitting three documents at her trial. First, she alleges that a court order and a Department of Motor Vehicles transcript were not properly authenticated under Virginia law. Applying federal law, see Kay v. United States, 255 F.2d 476, 479 (4th Cir. 1958), we hold that the seals and attestations on these documents were sufficient. See Fed. R. Evid. 902. Jones also asserts that a record of her previous conviction for driving while intoxicated should have been excluded because the record did not indicate whether she was represented by counsel. State judgments are presumptively valid, however. See United States v. Kaneakua, 105 F.3d 463, 467 (9th Cir. 1996); see also Parke v. Raley, 506 U.S. 20, 29-30 (1992) (holding that habeas petitioner could not rely on absence of transcript to prove plea was invalid). Jones offered no evidence to overcome that presumption. Accordingly, we find no merit in her evidentiary claims.

Jones also asserts that the evidence was insufficient to support her conviction for felonious operation of a motor vehicle by a habitual offender. We disagree. The record contains evidence of two statutory aggravators, driving twenty miles per hour in excess of the twenty-five-mile-per-hour speed limit and driving while intoxicated by a person previously convicted of that offense. See Va. Code Ann. § 46.2-

2

357(B) (Michie Supp. 1999). We therefore affirm Jones' felony conviction.

Finally, Jones asserts her conviction for reckless driving must be vacated in light of Va. Code Ann. § 19.2-294.1 (Michie Supp. 1999), which prohibits simultaneous convictions for reckless driving and driving while intoxicated. We agree. This provision controls the penalties for these two offenses and therefore is assimilated into federal law, notwithstanding that it is codified in a title named "Criminal Procedure." See United States v. Price, 812 F.2d 174, 176 (4th Cir. 1987). Moreover, Jones' failure to object in the district court does not bar relief, as a sentence imposed in violation of law is plain error. See United States v. Burgos, 94 F.3d 849, 876 (4th Cir. 1996). Accordingly, we vacate Jones' reckless driving conviction and sentence.

For these reasons, we affirm the district court's judgment except as to Jones' conviction and sentence for reckless driving, which we vacate. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED IN PART

3