PER CURIAM.
 

 This case is before us on certified questions from the United States District Court for the Northern District of Alabama. Pursuant to federal law, the United States Attorney’s Office for the Northern District of Alabama charged Jimmie David Parvin with indecent exposure on federal public land under § 13A-6-68, Ala.Code 1975, which states, in pertinent part:
 

 “(a) A person commits the crime of indecent exposure if, with intent to
 
 *102
 
 arouse or gratify sexual desire of himself or of any person other than his spouse, he exposes his genitals under circumstances in which he knows his conduct is likely to cause affront or alarm in any public place or on the private premises of another or so near thereto as to be seen from such private premises.”
 

 Pursuant to Rule 18, Ala. R.App. P., the federal disteict court has certified the following two questions to this Court:
 

 “1. Must the government allege the element of lack of consent when charging the crime of indecent exposure under Ala. Code [1975,] § 13A-6-68, if the offense occurs in a public place?
 

 “2. If so, who is the victim for purposes of establishing nonconsent?”
 

 I. Facts and Procedural History
 

 In its certification to this Court, the district court set forth the following facts:
 

 “On July 21, 2006, Defendant Parvin visited the Wheeler National Wildlife Refuge and went to the Beaver dam Boardwalk. Parvin testified at trial that he knew of Wheeler’s status as a public park, and was therefore aware that other members of the general public used the Refuge. After arriving at Wheeler that day, Parvin walked to the area known as Beaverdam Boardwalk where he discovered Officer Blanks posing as an average citizen. After a brief introduction, Parvin asked Officer Blanks, ‘do you think this place is safe, because I’ve heard of people being arrested out here?’ Officer Blanks responded with, T guess it is safe. It’s my first time here.’ Parvin then proceeded to expose his penis and masturbate in front of Officer Blanks. Thereafter, Officer Blanks removed his concealed law enforcement credentials and informed Par-vin that he was a federal officer.”
 

 The Secretary of the Interior (“the Secretary”) is given the power to administer and to manage the National Wildlife Refuge System. See 16 U.S.C. § 668dd (1998). The Secretary is empowered to adopt regulations governing the use of national wildlife refuges. One of the regulations promulgated by the Secretary is 50 C.F.R. § 27.83, which provides that “[a]ny act of indecency or disorderly conduct as defined by State or local laws is prohibited on any national wildlife refuge.” See also 16 U.S.C. § 668dd(f).
 

 Parvin was charged with indecent exposure under § 13A-6-68, Ala.Code 1975, and with public lewdness under § 13A-12-130, Ala.Code 1975.
 
 [1]
 
 With regard to the indecent-exposure charge, the federal information specifically charged that Parvin,
 

 “while on land acquired for the use of the United States and under the concurrent jurisdiction thereof, that is, the Wheeler National Wildlife Refuge, did knowingly commit the crime of indecent exposure, in that the defendant, with the intent to arouse and gratify sexual desires of himself and of a person other than his spouse,[
 
 2
 
 ] did expose his genitals under circumstances in which he knew his conduct was likely to cause affront, and alarm in a public place .... ”
 

 Parvin elected to be tried by a jury presided over by a United States magistrate judge. At the close of the government’s case, and again at the close of all the evidence, Parvin made motions for
 
 *103
 
 judgments of acquittal; the trial court denied both motions. Parvin was convicted by the jury on both counts. He was sentenced to serve 90 days on each count, with the sentences to run concurrently. Parvin appealed his convictions to the United States District Court. The district court has certified the above two questions to this Court.
 

 II. Discussion and Analysis
 

 A. Question 1
 

 As a threshold matter, we note that the first question posed by the federal district court appears to presume that lack of consent is an element of the crime of indecent exposure under § 13A-6-68: “Must the government allege
 
 the element of lack of consent ...
 
 ?” In this presumption, the question accurately reflects Alabama law.
 
 [3]
 

 The question as framed, however, is whether lack of consent must be “alleged” specifically in a charging instrument. The United States Attorney contends that a charging instrument that tracks the language of § 13A-6-68(a) is sufficient because, according to the United States Attorney, the terminology of the statute necessarily reflects a lack of consent. We presume that whether a charging instrument merely tracking the statutory language would be sufficient under this State’s jurisprudence to charge in an Alabama court the offense of indecent exposure is a different question than whether a charging instrument of such a nature would be sufficient under federal jurisprudence to charge in a federal court the offense of indecent exposure. We further presume that the federal court did not intend to ask the former question; we decline to address the latter question.
 
 [4]
 

 B. Question 2
 

 Although we decline to answer the first question, the second question is still relevant. Given that lack of consent is an element of indecent exposure under § 13A-6-68, Ala.Code 1975, the second question posed is who is the victim of the crime for purposes of establishing noncon-sent where the offense occurs in a public place. The Commentary to § 13A-6-68 answers this question. The Commentary states that the section has “regard for the
 
 *104
 
 effect of the act upon the victim, rather than the effort to regulate and protect the morals of society generally” and that, “[a]l-though technical definitions and reported examples of ‘affront and alarm’ are not available, the words as used in this section suggest a subjective test of what would likely cause one of those reactions
 
 in the observer of the exposure
 
 ...Thus, the victim or victims for purposes of establishing lack of consent are the person or persons who actually observed the defendant’s conduct.
 
 [5]
 

 QUESTION 1 DECLINED; QUESTION 2 ANSWERED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.
 

 [1]
 

 . No question is before us concerning the public-lewdness charge.
 

 [2]
 

 . The federal information apparently did not track with precision the language of § 13A-6-68 as to the first element of the offense. The statute states the first element in the disjunctive, i.e., "with intent to arouse or gratify sexual desire of himself
 
 or
 
 of any person other than his spouse." No question is presented as to this difference.
 

 [3]
 

 . Section 13A-6-68 is contained in Article 4 of the Alabama Criminal Code, Ala.Code 1975, § 13A-1-1 et seq., which covers "Sexual Offenses." Other offenses contained in Article 4 include rape (§ 13A-6-61 and § 13A-6-62), sodomy (§ 13A-6-63 and § 13A-6-64), sexual misconduct (§ 13A-6-65), sexual torture (§ 13A-6-65.1), and sexual abuse (§ 13A-6-66 and § 13A-6-67). Article 4 concludes with § 13A-6-70, which states, in part:
 

 "(a) Whether or not specifically stated,
 
 it is an element of every offense defined in [Article 4],
 
 with the exception of subdivision (a)(3) of Section 13A-6-65,
 
 that the sexual act was committed without consent of the victim.”
 

 (Emphasis added.) See also
 
 United States v. Burnett,
 
 545 F.Supp.2d 1207, 1212 (N.D.Ala.2008) (reasoning that the issue whether lack of consent is an element of the crime of indecent exposure under Alabama law is "put to rest by the plain and unambiguous meaning of the governing statute [§ 13A-6-70(a), Ala.Code 1975]”).
 

 [4]
 

 . "While the Assimilative Crimes Act assimilates state
 
 ‘substantive
 
 law pertaining to the elements of an offense and its punishment ... [i]t does not generally adopt state
 
 procedures
 
 or rules of evidence.' (emphasis supplied).
 
 United States v. Price,
 
 812 F.2d 174, 175 (4th Cir.1987);
 
 Kay v. United States,
 
 255 F.2d 476, 479 (4th Cir.),
 
 cert. denied,
 
 358 U.S. 825 (1958). In
 
 United States v. Fesler,
 
 781 F.2d 384, 392 (5th Cir.),
 
 rehearing denied
 
 783 F.2d 1063 (5th Cir.),
 
 cert. denied
 
 476 U.S. 1118 (1986), the court stated that '[federal law, not state law, determines the sufficiency of an indictment under the ... [Assimilative Crimes Act].'"
 

 United States v. Williams,
 
 946 F.2d 888 (table) (opinion not published in
 
 Federal
 
 Reporter) (No. 90-5731, Oct. 8, 1991) (4th Cir.1991).
 

 [5]
 

 . The facts provided by the federal district court reflect that Officer Blanks was in the Wildlife Refuge posing as "an average citizen” and that Parvin inquired of Officer Blanks whether he thought the Refuge was "safe,” in light of reports of arrests in the Refuge. After receiving Officer Blanks’s response that he ”guess[ed] it [was] safe,” Par-vin proceeded to expose his genitals and mas-túrbate in Officer Blanks's presence, hardly something an average citizen might expect. We note, however, that we have not been presented with the particulars of the proof that the federal government offered at trial. It is thus unclear whether the government attempted to present evidence on the issue of Officer Blanks's lack of consent, or whether some other victim might have been involved.