614 A.2d 1338

**George F. LOCKLEAR, Jr.**

v.

**STATE of Maryland.**

**No. 230, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

Nov. 4, 1992.

40

Lee Saltzberg, Towson, for appellant.

Maureen O'Ferrall Gardner, Asst. Atty. Gen., Baltimore (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Sandra A. O'Connor, State's Atty. for Baltimore County, Towson, on the brief), for appellee.

Submitted before WILNER, C.J., and ALPERT and WENNER, JJ.

WENNER, Judge.

Appellant, George F. Locklear, Jr., was charged in the District Court for Baltimore County with a variety of traffic offenses. After he prayed a jury trial, the charges were transferred to the Circuit Court for Baltimore County. Appellant then waived a jury trial and proceeded on a "Not Guilty, Agreed Statement of Facts." Appellant was convicted of driving while his license was suspended or revoked and was sentenced to two years of imprisonment, with all but eighteen months suspended. He was also convicted of driving while intoxicated, and sentenced to a concurrent term of sixty days of imprisonment.

Upon appeal, appellant asks, "Was the court clearly erroneous not to grant defendant's Motion for Judgment of Acquittal where there was no evidence that defendant was

traveling on a public highway under Transportation Article Section 21–101.1.?" We note with interest that in the Table of Contents of his brief appellant posits, "The dirt mounds on the private property of Genstar was not [sic] a public highway; therefore, the defendant cannot be found guilty of violating Transportation Article Section 16–303(c) or 21–902(b)." As we shall point out, *infra*, he is only partially correct.

The State presented the following "Agreed Statement of Facts":

On September 14th of 1991, at about 5:44 p.m., Officer Harclerode of the Baltimore County Police Department was eastbound on Philadelphia Road passing a Genstar property. The Officer observed the Dodge truck on the north side of the Genstar property on top of a dirt mound. The Officer then observed a white male subject, later identified as the Defendant present before the Court today, George Locklear, seated next to counsel at the Defense trial, trial table grab a white female identified as Robin Bridge by the hair, dragging her towards the Dodge truck. The Officer entered the Genstar property knowing that the business hours were over and the property was posted for no trespassing. The Officer pulled up to the Dodge truck that had Maryland tags 421434M observing the Defendant forcibly holding the victim, Robin Bridge, to the passenger side of the vehicle. Also standing outside the vehicle was George Woodfin. In the passenger's side front seat was Arthur Gamble (phonetically). As soon as the, Robin Bridge, as soon as Robin Bridge observed the Officer, she ran towards the Officer stating that George Woodfin was her boy friend, but that the Defendant tried to keep her from leaving the location. Robin said the Defendant was driving the vehicle in reckless manner trying to—mounds. She hit she—head numerous time inside the vehicle as she drove up the mounds. So when the Defendant stopped the vehicle, she could get out trying to leave so she wouldn't get her—hurt driving with them.

Officer observe, while talking to the victim, Robin, a white male walk away from, or walk from the truck and leave the area. The subject was located westbound on Philadelphia Road walking by Officer Dargan and was transported Baltimore County to the location where he was identified as Hank Woodfin. All the male subjects appear to be intoxicated. A strong odor of alcoholic beverage was observed. The Officer stated, or started to ask for identification from the subject, Locklear. And Robin Bridge, producing identification as the Officer approach the vehicle, asking who was the driver the vehicle, Defendant made the comment that Hank Woodfin took the keys, truck keys with him. The Defendant was in the driver's seat looking for the keys when he switched places with Arthur Gamble, who was in the passenger's seat. The Officer observed the Defendant hand Arthur something and then state that he was, that, quote, unquote, he was driving. Arthur then placed the key in the ignition starting the vehicle's motor. The Officer shut off the vehicle and then asked the Defendant and Arthur to step out of the vehicle. The Officer then asked Arthur if he was, in fact, the driver of the vehicle. Arthur said, quote, unquote, I guess so. After getting the information from all the parties involve, the Officer asked Arthur again if he was the driver the Dodge truck with Maryland tag 41—21434M with Arthur statement, quote, No, he just met these guys recently. Arthur would not say who actually was driving. Hank Woodfin stated that he doesn't drive but would not say who was. George Woodfin was very intoxicated and would not say who was driving. The Defendant was asked again if he was driving and he tried again to get Arthur to say that he was driving. The Defendant was acting very calm at that point, but acted cocky and irritated when the Officer first approached him. The Defendant's eyes were bloodshot; he was swaying back and forth; his face was flushed and a strong odor of an alcoholic beverage was observed on his breath as he spoke to the Officer.

The State also pointed out the tests appellant had been asked to perform, that appellant had said he understood his rights, and that the truck was titled to appellant. A case of beer containing five unopened bottles was found in the back seat of the truck. No other vehicles were on the Genstar property at the time. The "Agreed Statement of Facts" also revealed that when the police checked with the Motor Vehicle Administration, its records revealed that appellant's license was currently suspended or revoked. The State introduced, and appellant stipulated to, his driving record.

According to the State, appellant had no permission to drive his truck on the Genstar property. Although one of Genstar's security guards saw appellant's truck being driven on the dirt mounds, he could not see who was driving the truck. Appellant denied having driven the truck.

The prosecuting attorney said:

Judge, all that took place in Baltimore County, and the Officer would identify the person whom he believed to be the driver and who Miss Bridge identified to be the driver as being the Defendant, George Locklear, seated next to counsel at Defense trial table. That would be the State's case.

Counsel for appellant moved for judgment of acquittal, contending then, as he does now, that the only driving done by appellant on Genstar property was trying to climb up the dirt mounds posted "No Trespassing." Counsel for appellant also points out that Transportation Article, § 21–101.1, prohibits driving on the highway when one's license is suspended or revoked, and that the only exception to § 21–101.1 is when one is driving on private property not used by the public in general. § 21–101.1(b). Counsel for appellant insists that the Genstar property on which appellant was driving was not used by the public in general. *See Walmsley v. State,* 35 Md.App. 148, 150–51, 370 A.2d 107 (1977) and *Akins v. State,* 35 Md.App. 155, 370 A.2d 111 (1977). In *Walmsley, supra,* we concluded that the "test to be applied is the right of the public to travel on the road or

driving on a parking lot, and not the actual exercise of that right." *Id.*, 35 Md.App. at page 152, 370 A.2d 107.

We agree with appellant that the "Agreed Statement of Facts" did not contain sufficient evidence to convict him of driving on a public highway, or on private property used by the public in general.

The trial judge may not assume facts not in evidence. In the case *sub judice*, the State contends that appellant must have driven the truck to the Genstar property in order to get on to the dirt mounds, although the State appears to concede that the "mounds may have been a place on the Genstar property forbidden to the general public...."

 When called upon to review the sufficiency of evidence, our standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Bloodsworth v. State*, 307 Md. 164, 167, 512 A.2d 1056 (1986). Weighing the credibility of witnesses and resolving any conflicts in the evidence are tasks proper for the fact finder. *Binnie v. State*, 321 Md. 572, 580, 583 A.2d 1037 (1991). The fact finder may accept or reject any evidence presented to it. For example, the fact finder may accept part of the testimony of a witness, but reject other parts of that witness's testimony. *Muir v. State*, 64 Md.App. 648, 498 A.2d 666 (1985), *aff'd*, 308 Md. 208, 517 A.2d 1105 (1986). Circumstantial evidence is sufficient to support a conviction, provided the circumstances support rational inferences from which the fact finder could be convinced beyond a reasonable doubt of the guilt of the accused, *Finke v. State*, 56 Md.App. 450, 468–78, 468 A.2d 353 (1983), *cert. denied*, 299 Md. 425, 474 A.2d 218, *cert. denied*, 469 U.S. 1043, 105 S.Ct. 529, 83 L.Ed.2d 416 (1984), although, "conviction upon circumstantial evidence *alone* is not to be sustained unless the circumstances are inconsistent with any reasonable hypothesis of innocence." *West v. State*,

312 Md. 197, 211–212, 539 A.2d 231 (1988). (Emphasis in original. Citations omitted.) This standard applies to all criminal cases, including those resting upon circumstantial evidence, *Wiggins v. State,* 324 Md. 551, 567, 597 A.2d 1359 (1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1765, 118 L.Ed.2d 427 (1992). Ordinarily, proof of guilt based in whole or in part upon circumstantial evidence is no different from proof of guilt based upon direct eyewitness accounts. *But see Eiland v. State,* 92 Md.App. 56, 607 A.2d 42 (1992).

After carefully examining the record before us, we find no evidence that appellant was driving other than on dirt mounds on a portion of Genstar's property marked "No Trespassing." Consequently, the evidence was not sufficient to sustain appellant's conviction for driving while his license was suspended or revoked.

Transportation Article § 16–303 prohibits a person whose license is suspended or revoked from driving a vehicle on any highway or on any property specified in § 21–101.1, including private property that "is used by the public in general." There is nothing whatever in the "Agreed Statement of Facts" to establish that the mounds upon which appellant had been driving were used by the public in general. As we said, the "Agreed Statement of Facts" reveals that the Genstar property on which appellant was driving was marked, "No Trespassing" and thus was not used by the public in general. Accordingly, we shall reverse appellant's conviction for driving while his license was suspended or revoked.

Nevertheless, according to § 21–901,[1] the provisions of Subtitle 9 apply whether one is driving on or off a highway.[2] Under the circumstances, we shall affirm appel-

---

**1.** Section 21–901. *Scope of Subtitle.* The provisions of this subtitle apply throughout the State, whether on or off a highway.

**2.** We are aware that obiter dicta in *Owens v. State,* 93 Md.App. 162, 611 A.2d 1043 (1992) indicates otherwise. Nevertheless, § 21–901 means precisely what it says. *See,* 59 Op. Atty. Gen. 659.

lant's conviction for driving while intoxicated in violation of § 21–902(b).

JUDGMENTS REVERSED IN PART AND AFFIRMED IN PART.

COSTS TO BE PAID ONE-HALF BY APPELLANT AND ONE HALF BY BALTIMORE COUNTY.