UNITED STATES of America

v.

**Diannah LEWIS, William Crews, Aubrey Lewis, Carl Tilghman, Julian M. Ambrose.**

**Nos. 06cr215 RWT, 06cr216 RWT, 06cr218 RWT, 06cr219 RWT, 06cr438 RWT.**

United States District Court, D. Maryland.

June 15, 2007.

Hollis Raphael Weisman, Office of the U.S. Attorney, Greenbelt, MD, for United States of America.

Diannah Lewis, Clinton, MD, pro se.

William Crews, Springdale, MD, pro se.

Aubrey Lewis, Severn, MD, pro se.

Carl Tilghman, Clinton, MD, pro se.

Melissa M. Moore, Office of the Public Defender, Baltimore, MD, for Julian M. Ambrose.

## MEMORANDUM OPINION

ROGER W. TITUS, District Judge.

In *United States v. Diannah Lewis,* Criminal Case Number 06–215–RWT, *United States v. William Crews,* Criminal Case Number 06–216–RWT, *United States v. Aubrey Lewis,* Criminal Case Number 06–218–RWT, and *United States v. Carl Tilghman,* Criminal Case Number 06–219–RWT, Magistrate Judge Charles B. Day dismissed various citations[1] issued under

---

1. Diannah Lewis was charged with failing to stop at a stop sign, in violation of Maryland Code Section 21–202(m) of the Transportation Article ("Transport."). William Crews was charged under the ACA with driving a vehicle with a suspended registration, in violation of Transport. § 13–401(h). Aubrey Lewis was charged under the ACA, *inter alia,* with failing to display a valid driver's license, in violation of Transport. § 16–112(c). Carl Tilghman was charged under the ACA with driving on a suspended driver's license, in violation of Transport. § 16–303(c), and driving in excess of the posted speed limit, in violation of Transport. § 21–801.1.

the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13, for alleged traffic violations occurring on the grounds of Andrews Air Force Base, Maryland, citing *United States v. Robson*, 391 F.Supp.2d. 383 (D.Md.2005) (Day, J.). The United States of America has appealed to this Court.

In *United States v. Julian Ambrose*, Criminal Case Number 06–438–RWT, the defendant was convicted after a bench trial before Magistrate Judge Thomas DiGirolamo of driving on a suspended driver's license[2] on the grounds of the U.S. Army Medical Institute for Infectious Diseases located at Fort Detrick, Maryland. Judge DiGirolamo denied the defendant's Motion for Judgment of Acquittal, and the defendant appealed to this Court.

On March 26, 2006, this Court heard consolidated oral arguments in the above-captioned appeals. The outcome of each of these five appeals turns on whether the roadways on various federal installations constitute "highways" or "private property used by the public in general" under Maryland law. The interpretation of these terms will also impact the outcome of at least ten other magistrate judge appeals currently pending before this Court, which have not yet been fully briefed.[3] Still further appeals are anticipated which will involve the same statutory interpretation issue.

## I.

The ACA provides, in pertinent part, that any person who "is guilty of any act or omission" within the boundaries of a federal reservation "which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State . . . in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment." 18 U.S.C. § 13(a). The ACA "assimilates state substantive law pertaining to the elements of an offense and its punishment."[4] *See United States v. Torbit*, 1988 WL 6824 at *2 (4th Cir.1988) (unpublished) (citing *United States v. Price*, 812 F.2d 174, 175 (4th Cir.1987)).

Maryland law contains a number of provisions penalizing various acts committed on "highways." Maryland Code Section 11–127 of the Transportation Article ("Transport."), defines a "highway" as follows:

> "Highway" means the entire width between the boundary lines of any way or thoroughfare of which any part is *used by the public* for vehicular travel, whether or not the way or thoroughfare has been dedicated to the public and accepted by any proper authority. (emphasis added)

Certain traffic offenses[5] may also be committed on roadways deemed to be "pri-

---

2. *See* Transport. § 16–303(c).

3. *See United States v. Anthony Fewell*, Criminal Case Number 07–104–RWT; *United States v. Tabatha Shark Burley*, Criminal Case Number 07–105–RWT; *United States v. Matthew M. Grant*, Criminal Case Number 07–106–RWT; *United States v. Warren Harrison*, Criminal Case Number 07–107–RWT; *United States v. Adeebah R. Muslim*, Criminal Case Number 07–108–RWT; *United States v. Betty Spacciopoli*, Criminal Case Number 07–109–RWT; *United States v. Maurice Vasser*, Criminal Case Number 07–110–RWT; *United States*

*v. Alston E. McGann*, Criminal Case Number 07–111–RWT; *United States v. Nona J. Cedrone*, Criminal Case Number 07–112–RWT; *United States v. Zoila Rivera*, Criminal Case Number 07–113–RWT.

4. While the ACA "does not generally adopt state procedures or rules of evidence," *Torbit*, 1988 WL 6824, *2, the issues in the appeals clearly involve substantive issues of state law.

5. These include failing to stop at a stop sign, Transport. § 21–202(m), exceeding the posted

vate property used by the public in general," in light of Transport. § 21–101.1:

(a) The provisions of this title relating to the driving of vehicles refer only to the driving of vehicles on highways, except:

(1) As provided in subsection (b) of this section; and

(2) Where a different or additional place specifically is provided for.

(b)(1) A person may not drive a motor vehicle in violation of any provision of this title on any private property that is *used by the public* in general[.] (emphasis added)

It does not appear that the Court of Appeals of Maryland has ever addressed the interpretation of a "highway" or "private property used by the public in general." However, the Court of Special Appeals has issued three opinions involving the issue: *Walmsley v. State*, 35 Md.App. 148, 370 A.2d 107 (1977); *Akins v. State*, 35 Md.App. 155, 370 A.2d 111 (1977); and *Locklear v. State*, 94 Md.App. 39, 614 A.2d 1338 (1992). In *Locklear*, the Court of Special Appeals reiterated its view that the "test to be applied [in interpreting the words "used by the public"] is the right of the public to travel on the road ... not the actual exercise of that right." *Locklear*, 94 Md.App. at 44–45, 614 A.2d at 1340.

## II.

Magistrate Judge Charles B. Day first addressed this issue in *United States v. Robson*, 391 F.Supp.2d 383 (D.Md.2005). In *Robson*, the defendant was charged under the ACA with various weapons offenses, including a charge of carrying a

handgun in a vehicle on a road or parking lot generally used by the public or a highway of the State, at Andrews Air Force Base ("AAFB"),[6] and elected a bench trial. At trial, testimony was adduced that the Base Commander at AAFB has the authority to bar the public from coming onto the base at any time. Generally, access is limited to employees and those with authorized business. North Gate, the only entrance for commercial traffic, is open to privately owned vehicles at certain times of day. All vehicles, however, are subject to being searched. At the close of the trial, the defendant made a motion for judgment of acquittal. In granting the defendant's motion, Judge Day held that an access road leading up to Andrews Air Force Base was not a "highway" pursuant to Transport. § 11–127. Applying *Walmsley, Akins*, and *Locklear*, Judge Day concluded:

The degree of control the private owner exercises over the property is determinative of whether the property is "used by the public." From a review of the relevant Maryland law, it is clear that in order to be considered "used by the public" that open access to all members of the public is necessary. To the extent that persons can be excluded, the property is considered private.

*Robson*, 391 F.Supp.2d at 389.

Magistrate Judge William Connelly next addressed this issue in an unpublished opinion in *United States v. Patrick*, No. 05–3950M, 2006 WL 83505 (D.Md. Jan. 12, 2006). In *Patrick*, the defendant was issued a citation for driving with a revoked license at the National Institutes of Health

---

speed limit, Transport. § 21–801.1, and driving while suspended, Transport. § 16–303(c).

**6.** The defendant was charged under the ACA with two violations of Md.Code (2004) § 4–203(1)(ii) of the Criminal Law Article, for his

possession of a loaded .45 caliber semi-automatic pistol and a loaded .45 caliber revolver, along with a violation of Md.Code (2004) § 4–101(c)(1) of the Criminal Law Article, for his possession of a machete.

("NIH"). The defendant elected to proceed to trial before Judge Connelly. At trial, testimony was adduced that in order to enter the grounds of NIH, a motorist needs to produce identification. While anyone with business at NIH may enter the premises—be it to use the library, visit a credit union, or visit a patient—access is still somewhat restricted; one may not, for example, cut across NIH premises to travel from Rockville Pike to Old Georgetown Road. Like Judge Day in *Robson*, Judge Connelly ultimately concluded that, based on Maryland case law, the dispositive issue was whether the public had the *right* to travel on the roads of NIH: "[I]t is apparent that the public [did] not have a *right* to travel on the roads at NIH. Instead, NIH grants the public the *privilege* to travel on its roads provided the public has a *bona fide* purpose and complies with NIH's security procedures." *Patrick*, 2006 WL 83505 at *5. Accordingly, Judge Connelly granted the defendant's Motion for Judgment of Acquittal.

About two weeks after Judge Connelly's opinion in *Patrick*, Judge DiGirolamo next addressed this subject in his unpublished opinion in *United States v. Collins*, No. 05–1387M, 2006 WL 278548 (D.Md. Jan. 31, 2006). In *Collins*, the defendant was acquitted of driving while suspended at the National Naval Medical Center ("NNMC") in Bethesda. Applying *Robson* and *Patrick* in a similar fashion, Judge DiGirolamo concluded that the roads of NNMC are neither highways nor private roads used by the public in general under Maryland law.

On July 31, 2006, Magistrate Judge Paul W. Grimm issued an opinion in *United States v. Taylor*, 441 F.Supp.2d 747 (2006). In that case, the defendant was cited under the ACA with driving while suspended at the gate of Aberdeen Proving Ground ("APG"). *See id.* at 748. Judge Grimm

noted that APG is considered an "open post," although drivers and passengers without a federal ID card must provide a driver's license or valid picture ID, and state a legitimate reason for entering the premises. *See id.* at 750. A "legitimate reason" may include entering the premises for hunting or use of the recreational facilities. *See id.* At times, for special events such as concerts, visitors may not be required to provide identification. *See id.* However, if warranted by security threats, there may be a complete closure of APG at the sole discretion of the base commander. *See id.* Judge Grimm ultimately concluded that the roads at APG were not highways under Maryland law. *See id.* at 753. He determined, however, that the defendant's convictions should stand, because even if the roads at APG were not highways, they did qualify as "private property used by the public in general" under Transport. § 21–101.1. *See id.* at 753–55.

Although there appear to be minor differentiations between the restrictions on general public use of roads at Andrews Air Force Base, Fort Detrick, the National Institutes of Health, the National Naval Medical Center, and the Aberdeen Proving Ground, they are all federal reservations to which the ACA applies, and as to which there is no general right of the public to enter, although the level of restrictions on public access may differ somewhat. A literal reading of the holding of *Walmsley*, *Akins*, and *Locklear* would lead one to conclude that a road is not "used by the public" unless the public has the right to do so, even though it is in fact using it, albeit with some mild restrictions. The embellishment of a public *entitlement* to use on the statutory term "used by the public" has clearly been embraced by the Court of Special Appeals, but never by the Court of Appeals of Maryland, and the differing results reached by Magistrate

Judges of this Court in interpreting Maryland law is understandable.

### III.

Since the time of the argument in this case, the Maryland General Assembly has passed, and Governor Martin O'Malley has signed into law, Senate Bill 35.[7] This bill amends Transport. § 11–127 as follows:

"Highway" means:

(1) [the] THE entire width between the boundary lines of any way or thoroughfare of which any part is used by the public for vehicular travel, whether or not the way or thoroughfare has been dedicated to the public and accepted by any proper authority; AND

(2) FOR PURPOSES OF THE APPLICATION OF STATE LAWS, THE ENTIRE WIDTH BETWEEN THE BOUNDARY LINES OF ANY WAY OR THOROUGHFARE USED FOR PURPOSES OF VEHICULAR TRAVEL ON ANY PROPERTY OWNED, LEASED, OR CONTROLLED BY THE UNITED STATES GOVERNMENT AND LOCATED IN THE STATE.[8]

*Id.*

While this bill clearly sought to correct a perceived gap in the law relating to federal enclaves, these amendments, effective October 1, 2007, are not retroactive. They will not, therefore, have any effect on the fifteen cases currently pending before this Court, nor on the numerous cases which are expected to arise in the intervening months between today and October 1, 2007.

### IV.

Maryland has adopted the Uniform Certification of Questions of Law Act which is codified in Subtitle 6 of Title 12 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland. Under Section 12–603, the Court of Appeals is authorized to "answer a question of law certified to it by a court of the United States or by an appellate court of another state or of a tribe, if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision or statute of this state."

There is considerable uncertainty as to the status of Maryland law as evidenced by the inability of the Magistrate Judges of this Court to reach a single conclusion with respect to the federal installations at issue. This Court also has reservations concerning the approach taken by Maryland's intermediate appellate court in *Walmsley, Akins,* and *Locklear* by engrafting on the legislative term "used by the public" a requirement that the public have an entitlement to use, as opposed to the fact of use. Thus, it is a question that is most appropriately answered by Maryland's highest court, a court that has never addressed this issue, rather than an individual United States District Judge. Accordingly, the Court will, by separate Order, certify the questions raised by these appeals to the Court of Appeals of Maryland under the Maryland Uniform Certification of Questions of Law Act.

---

7. Senate Bill 35 was approved by the Governor on April 24, 2007. *See* 2007 Md. Laws, ch. 124.

8. CAPITALS INDICATE MATTER ADDED TO EXISTING LAW; [Brackets] indicate matter deleted from existing law.