**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clarence Olin "Head" REVEL,
Defendant-Appellant.**

**No. 73–2261.**

United States Court of Appeals,
Fifth Circuit.

April 24, 1974.

See also D.C., 362 F.Supp. 448.

Ernest C. Hornsby, Tallassee, Ala., M. H. Myerson, Jacksonville, Fla., for defendant-appellant.

Ira DeMent, U. S. Atty., David B. Byrne, Jr., D. Broward Segrest, Asst. U. S. Attys., Montgomery, Ala., for plaintiff-appellee.

Before DYER, MORGAN and RONEY, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Defendant-appellant Revel and 12 others were indicted in the Middle District of Alabama in a two-count indictment charging a violation of 18 U.S.C. § 1955[1] and a conspiracy to violate the

---

1. 18 U.S.C. § 1955 provides, in part:
   (a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined not more than $20,000 or imprisoned not more than five years, or both.

same statute. After a jury trial, Revel was found guilty on both counts, and sentenced to imprisonment for four years. We affirm the conviction.

■ Appellant's first contention is that charging him with a violation of § 1955 and conspiracy to violate § 1955 violates Wharton's Rule. The rule states:

> An agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission. 1 Anderson, Wharton's Criminal Law and Procedure, 1957, § 89.

Appellant argues that since a violation of § 1955 requires a gambling business participated in by five or more people, conspiracy is a necessary element of the crime itself, and therefore under the rule, a person may not be charged with both the substantive offense and conspiracy to commit the substantive offense. This contention has only recently been rejected by this court, and we reject it again in this case. United States v. Pacheco, 489 F.2d 554 (5th Cir. 1974).

■ Next, appellant argues as follows: A violation of state law is an element of the offense under § 1955. The Alabama statute of limitations for the crime alleged in the indictment expired before the date of the indictment. Therefore, no violation of state law existed at the time of the indictment, and because there was no state law violation, there could not have been a federal law violation.

The factual bases of this allegation are all correct. The substantive violation alleged in the indictment was violation of Title 14, Sections 261 and 278, Code of Alabama 1940, Recompiled 1958. These violations are misdemeanors, and are governed by the 12-month statute of limitations in Title 15, Section 222, Code of Alabama 1940, Recompiled 1958. Neither count of the indictment alleges any overt act or agreement to act later than November 25, 1971, so the statute of limitations expired November 25, 1972. The indictment was filed March 13, 1973.

Appellant correctly emphasizes the importance of statutes of limitations in the criminal law, and the strictness with which the government must comply with them. Nevertheless, the question in this case is one of a choice between federal and state law. We agree with appellant that Congress *could have* incorporated the state statutes of limitation into § 1955, as it has done in other instances. But the question is not whether Congress could have incorporated the state statutes, but whether it did so. We feel that it did not.

The gravamen of the indictment is that appellant violated federal law. Cf., United States v. Nardello, 393 U.S. 286, 89 S.Ct. 534, 21 L.Ed.2d 487 (1969). Just as in 18 U.S.C. § 1952,[2] the so-

---

(b) As used in this section—
(1) "illegal gambling business" means a gambling business which—
(i) is a violation of the law of a State or political subdivision in which it is conducted;
(ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and
(iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day. * * *

2. 18 U.S.C. § 1952 provides, in part:
(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—
(1) distribute the proceeds of any unlawful activity; or
(2) commit any crime of violence to further any unlawful activity; or
(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.
(b) As used in this section "unlawful activity" means (1) any business enter-

called Travel Act, the reference to state law in the federal statute is for the purpose of defining the *conduct* prohibited and for the purpose of supplementing, rather than pre-empting, state gambling laws. United States v. Karigiannis, 430 F.2d 148 (7th Cir. 1970), cert. denied sub nom., Panagiotopoulos v. United States, 400 U.S. 904, 91 S.Ct. 143, 27 L.Ed.2d 141 (1970). United States v. Rizzo, 418 F.2d 71 (7th Cir. 1969), cert. denied sub nom., Tornabene v. United States, 397 U.S. 967, 90 S.Ct. 1006, 25 L.Ed.2d 260 (1970). See P.L. 91–452, 84 Stat. 922, Title VIII, § 811 and 1970 U.S.Cong. and Admin.News, 4032. Cf. United States v. Thaggard, 477 F.2d 626 (5th Cir. 1973).

Certainly Congress could have incorporated state statutes of limitations into the federal statute, but we cannot perceive any indication that it has done so, either in the pre-existing federal racketeering statutes, Chapter 95 of Title 18, United States Code, or in the Organized Crime Control Act of 1970, P.L. 91–452, 84 Stat. 922, which added § 1955 to Title 18. To the contrary, Congress, in passing the 1970 act, emphasized the federal interest in dealing with organized crime because of the influence of organized criminal activities on the economy, security and general welfare of the entire country. Congress excluded local, transitory gambling activities from the scope of the law, leaving their regulation to state and local authorities, but it asserted federal jurisdiction over racketeering and large-scale gambling activities. In view of this bifurcated system of enforcement, it seems reasonable to use federal standards in enforcing the federal law. This is proper for § 1955, just as it is for § 1952. United States v. Cerone, 452 F.2d 274 (7th Cir. 1971), cert. denied, 405 U.S. 964, 92 S.Ct. 1168, 31 L.Ed.2d 240 (1972).

We have examined appellant's other contentions of error and find them to be without merit.

Affirmed.

---

prise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act), or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, or (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States.