UNITED STATES of America,
Plaintiff–Appellee,

v.

ONE SINGLE FAMILY RESIDENCE LO-
CATED AT 18755 NORTH BAY ROAD,
MIAMI, Including all appurtenances,
fixtures, and improvements Therein and
Thereon, Defendant,

Yolanda Delio, Claimant–Appellant,

Emilio Delio, Claimant–Appellant,

Fred M. Ganz, Tax Collector,
Dade County, Claimant.

No. 92–4833.

United States Court of Appeals,
Eleventh Circuit.

Feb. 10, 1994.

Rodney W. Bryson, Miami, FL, for claimants-appellants.

Michael A. Rosen, Miami, FL, for Emilio Delio.

Madeleine R. Shirley, Linda Collins Hertz, Jeanne M. Mullenhoff, Barbara A. Ward, Miami, FL, for plaintiff-appellee.

Before FAY *, DYER and SMITH **, Senior Circuit Judges.

DYER, Senior Circuit Judge:

This is an appeal of an *in rem* forfeiture under 18 U.S.C. § 1955. Pursuant to the statute, the government sought forfeiture of real property that was used in an alleged gambling operation. The district court granted summary judgment in favor of the government. The owners of the real property, Emilio and Yolanda Delio, assert numerous grounds to challenge the order of forfeiture. We conclude that the grant of summary judgment of forfeiture against Yolanda Delio was based on an improper application of collateral estoppel. We vacate the judg-

ment against her, and remand for further proceedings.

The judgment of forfeiture against Emilio Delio is reversed and the case remanded for further proceedings to determine the proper proportionality of damages suffered by the government.

## FACTUAL BACKGROUND

This *in rem* civil forfeiture action was instituted by the government on October 11, 1990 against a single-family residence, which is the home of Emilio and Yolanda Delio. The property is located at 18755 North Bay Road, Miami Beach, Florida. The value of the property is approximately $150,000.00.

The forfeiture action resulted from the government's investigation of a poker game conducted by Mr. Delio at his home, involving some of his relatives and associates. The investigation included surveillance at the property on the evenings of September 12, 1990 (Wednesday), September 16, 1990 (Sunday), September 26, 1990 (Wednesday), and October 3, 1990 (Wednesday). On October 10, 1990, pursuant to a search warrant for the premises, the government seized from various rooms in the house, gambling records, poker tables, poker chips, decks of cards and cash.

The poker game was held at the Delio residence on Wednesday nights when "enough people showed up." The game was conducted in the enclosed patio area of the property. Individuals who were identified as operators, card dealers, cashiers or bookkeepers for the game, including Emilio Delio, were indicted on March 26, 1991. Yolanda Delio and her daughter, Maria, who were not indicted, had been at the premises during the poker games. They cooked and served food and drinks to the gamblers.

In this forfeiture proceeding, Emilio and Yolanda Delio, as claimants, answered the government's complaint. Emilio Delio is an 80–year old invalid residing at the property with his 66–year old wife, Yolanda. Their adult children also resided at the property.

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

The property is titled in the names of Emilio Delio and Yolanda Delio, his wife, as tenants by the entireties. Since the seizure of their home, the claimants have occupied the property under the terms and conditions of an occupancy agreement with the United States Marshal Service.

The Delios denied that the property was the situs of an illegal gambling business, as defined in 18 U.S.C. § 1955(b).[1] Yolanda Delio also affirmatively asserted an "innocent owner" defense in the district court, but has abandoned that issue on appeal.

On April 2, 1991, the government filed a motion for summary judgment, which was denied. The government's renewed motion for summary judgment was filed on December 2, 1991, after the criminal trial against Emilio Delio and his four codefendants was concluded. Yolanda Delio was not a party to the criminal proceedings. On October 30, 1991, Emilio Delio was convicted of all counts of conducting an illegal gambling operation. Three of the codefendants, Emilio's son Salvatore, Michael Metzger and David Oretsky were also found guilty.[2] Codefendant Raymond Canino, the boyfriend of Maria Delio, was acquitted.

The government relied on the conviction of Emilio Delio to support its renewed motion for summary judgment on the issue of probable cause to establish a violation of 18 U.S.C. § 1955. The renewed motion was founded upon the identical record upon which the original motion had been denied, with the exception of the additional facts involving the convictions in Emilio Delio's criminal case.

The parties consented to the matter being tried before a United States Magistrate Judge. Summary judgment was granted in favor of the government, and the district court ordered forfeiture of the real property. This appeal followed.

**ISSUES RAISED**

The Delios assert numerous grounds for reversal. The issues raised by Yolanda Delio concern the erroneous application of the doctrine of collateral estoppel and the existence of disputed factual issues to overcome the granting of summary judgment in favor of the government. The appellants jointly raise issues asserting violations of the state constitutional protection of the Florida homestead provision and the federal protection against excessive fines under the Eighth Amendment. Emilio Delio asserts a violation of the Fifth Amendment double jeopardy provision by reason of being subjected to two punishments for the same gambling offense.

### I. *Summary Judgment*

#### A: Collateral Estoppel

Pursuant to 18 U.S.C. § 1955(d), the subject property may be forfeited[3] to the United States if there is probable cause to believe that it was used in connection with the conducting, financing, managing, supervising, directing or owning of an illegal gambling business. Grant of summary judgment in favor of the government was based upon the district court's giving preclusive effect to Emilio Delio's criminal conviction with respect to both his claim and his wife's claim in the civil forfeiture proceeding. The district court expressly stated that:

> Emilio Delio's conviction in the related criminal proceeding serves a dual function. For purposes of the government's initial burden, it provides sufficient evidence of probable cause. *At the same time, it estops all would-be claimants from attempting to refute an issue of fact already decided, namely, that the property was used to facilitate a § 1955 violation, thereby*

---

1. (b) As used in this section—
   (1) "illegal gambling business" means a gambling business which—
      (i) is a violation of the law of a State or political subdivision in which it is conducted;
      (ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and
      (iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day.

2. David Oretsky pled guilty to Count II of the Indictment. Michael Metzger and Salvatore Delio, coconspirators of Emilio Delio, appealed their convictions, which this court affirmed in a per curiam decision. *United States v. Metzger*, 993 F.2d 1554 (11th Cir.1993).

3. Provisions of the gambling statute authorizing forfeiture of "any property" include forfeiture of real property. *United States v. Premises Located at Route 13*, 946 F.2d 749 (11th Cir.1991).

*putting an end to any probable cause defense.* [Emphasis added].

■ Yolanda Delio asserts that the district court improperly applied the doctrine of collateral estoppel against her based on her husband's criminal conviction. She argues that she should not be collaterally estopped to attack probable cause since she did not have an opportunity to litigate her position in the criminal trial in which she was not a party. We agree. We hold that Mrs. Delio is not bound by the factual determinations made in connection with her husband's criminal trial. *See, e.g., Citibank, N.A. v. Data Lease Fin. Corp.,* 904 F.2d 1498, 1501–03 (11th Cir.1990).

The application of the doctrine of collateral estoppel as to Yolanda Delio in this civil forfeiture action was an error of law. She is not bound by facts established in a prior proceeding where she was not a party, her interests were not represented, and she was not in privity with a party, her husband.

■ We have not overlooked the general proposition that in a forfeiture action the defendant property is alleged to have committed the offense. The property is considered the guilty party, not necessarily the individuals who make claims therein. *See, e.g., Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); *United States v. Four Parcels of Real Property on Lake Forrest Circle,* 870 F.2d 586, 590 nn. 10–11 (11th Cir.1989). However, that concept does not deny the rights of a claimant who seeks to introduce evidence of disputed facts.

The error of applying the doctrine of collateral estoppel against Yolanda Delio established the basis for forfeiture. Therefore, the judgment against Yolanda Delio must be vacated and the case remanded to the district court for further proceedings to determine the factual basis for forfeiture upon the presentation of evidence.

## B. Disputed Issues of Fact

Yolanda Delio contends that summary judgment was improperly granted in favor of the government because a genuine dispute existed as to the facts supporting probable cause under 18 U.S.C. § 1955. A Section 1955 violation is established by a probable cause showing of the following three elements: first, the enterprise violates state law; second, the illegal gambling business involves five or more persons who conduct, finance, manage, supervise, direct or own all or part of such business; and third, the business was either in substantially continuous operation for a period in excess of thirty (30) days *or* had a gross revenue of $2,000.00 in a single day. 18 U.S.C. § 1955(b) (1988); *United States v. Tucker,* 638 F.2d 1292, 1294 (5th Cir.Unit A Mar. 1981), *cert. denied,* 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 111 (1981).

■ The government has the initial burden of establishing probable cause to believe that the property was used to facilitate a violation of 18 U.S.C. § 1955. *See United States v. One 1979 Porsche Coupe,* 709 F.2d 1424, 1426–27 (11th Cir.1983). Once this burden is met, the burden shifts to the claimant to establish a defense to forfeiture, either by attacking probable cause or by establishing an innocent owner defense. To successfully overcome the government's initial probable cause showing, the claimant must establish its defense by a preponderance of the evidence. Failure to meet this burden results in forfeiture. *See United States v. Little Al,* 712 F.2d 133, 136 (5th Cir.1983).

■ As a defense to forfeiture, Yolanda Delio sought to establish that the poker game at her home did not possess the attributes of an illegal gambling operation. The essence of her argument is that granting summary judgment constitutes error because, apart from the erroneous application of collateral estoppel, the facts are disputed with respect to the elements of Section 1955(b). In fact, the district court had previously denied the government's motion for summary judgment, prior to Emilio Delio's conviction, based upon the claimants' arguments addressing the factual basis under Section 1955.

The district court commented in a footnote to the Magistrate's Report and Recommendation that collateral estoppel aside, probable cause has been established solely on the evidence. That conclusion was made without further elaboration or specific findings by the district court. We find no support in the

record that would sustain such a conclusion as to Yolanda Delio.

The standard for reviewing the grant of summary judgment is whether there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). We apply the same standard as the district court and view the evidence in the light most favorable to the party against whom judgment was granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Yolanda Delio argues that the record establishes that the poker game at her home was "sporadic," the alleged five jurisdictional persons were only sporadically involved—indeed one was in jail during part of the time, and $2,000 was not bet on a single day when five persons were operationally involved.

Rather than permitting Yolanda Delio to present proof in support of these factual elements, the district court concluded that the factual findings supporting her husband's criminal conviction were applicable to her claim and dispositive of the statutory elements of 18 U.S.C. § 1955. The district court's resolution of this matter by summary judgment, based on collateral estoppel, foreclosed Yolanda Delio's opportunity to present her position that the poker game at her home did not possess the attributes of a well-established, well-organized, large scale gambling operation. We must, therefore, reverse and remand Yolanda Delio's case for a determination of the disputed factual issues as to probable cause.

## II. *Property Rights Under Florida Law*

### A. Homestead Property

■ The claimants contend that, as a matter of law, their Florida homestead property,[4] is exempt from forfeiture even if used in violation of 18 U.S.C. § 1955. *See Butter-*

*worth v. Caggiano,* 605 So.2d 56 (Fla.1992) (denying forfeiture of homestead under Florida RICO Act). The RICO Act considered in *Caggiano* concerned a state forfeiture statute, § 895.05(2)(a), Florida Statutes (1989). The question here, however, is whether a Florida homestead is subject to forfeiture under the provisions of 18 U.S.C. § 1955(d), in light of Florida's constitutional "sanctity of the home."

The Delios concede that state constitutional provisions cannot obstruct the uniform national enforcement of federal criminal statutes or those federal forfeiture laws intended to have uniform application throughout the nation. *See United States v. Rodgers,* 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) (federal tax collection). But, the Delios argue that a distinction should be made in applying 18 U.S.C. § 1955 because that statute *incorporates state law* to define its applicability to gambling activities which are declared illegal within each individual state.

Section 1955 "borrows" state law only for the limited purpose of *defining* the conduct that is prohibited as illegal gambling. Incorporation of state law for other purposes has been rejected in *United States v. Revel,* 493 F.2d 1 (5th Cir.1974) (state statutes of limitation not incorporated); *United States v. Sacco,* 491 F.2d 995, 1003 (9th Cir.1974) (state procedural rules not incorporated). There is no indication that Congress intended state law to be incorporated as a limitation on the forfeiture provisions of 18 U.S.C. § 1955. The imposition of the forfeiture penalty pursuant to section 1955(d) follows from a finding that illegal gambling, as *defined* by the state, has occurred under section 1955(b)(1)(i). *Revel,* 493 F.2d at 3.

The enactment of 18 U.S.C. § 1955 as part of the Organized Crime Control Act of 1970, Pub.L. No. 91–452, 84 Stat. 922, was based on an enunciated policy of Congress to reach continuous and substantial gambling opera-

---

4. Article X, Sect. 4, Constitution of Florida (amended 1984) provides, in pertinent part, that:

   (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

   (1) a homestead, ... if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family.

tions, and serves a national purpose. We therefore find unpersuasive the argument of claimants that "[a]s opposed to narcotics, there is no national objective to rid the United States of gambling."

We conclude that the state exemption from forfeiture based on the Florida homestead law is preempted in a forfeiture action brought under 18 U.S.C. § 1955(d), thereby making the exemption unavailable to the Delios for this purpose.

## B. Tenancy by the Entireties

On remand, should Yolanda Delio's claim against the property prevail, it would raise the issue of the impact of her retention of an undivided one-half interest in the property. *See One Single Family Residence at 15621 S.W. 209th Ave., Miami, Fla.,* 894 F.2d 1511 (11th Cir.1990) (federal drug forfeiture statutes do not preempt Florida's law of tenancy by the entireties).[5] But, unless and until the district court decides Yolanda Delio's claim on the merits, the issue of tenancy by the entireties rights is not ripe for consideration.

## III. *Excessive Fine Under the Eighth Amendment*

The Delios contend that the forfeiture of their home worth $150,000.00 as a penalty for the underlying gambling offense is so grossly disproportionate that it violates the Eighth Amendment's Excessive Fines Clause.

■ The government answers that the Delios have waived this argument because they abandoned the issue in the district court and failed to raise it in their initial appellate briefs. We are not persuaded. While the appeal was pending, but before oral argument, the Supreme Court decided *Austin v. United States,* — U.S. —, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). We granted the application for supplemental briefs addressing the effect of the Court's holding that civil forfeitures are punishment, thereby implicating the Eighth Amendment prohibition against excessive fines. We may address an issue on appeal even though raised for the first time if, as here, it involves a pure legal

issue and failure to consider it would result in a miscarriage of justice. *Fane v. Edenfield,* 945 F.2d 1514, 1519 n. 11 (11th Cir. 1991), *aff'd,* — U.S. —, 113 S.Ct. 1792, 123 L.Ed.2d 543 (1993).

In *Austin,* the owner of real property occupied by his mobile home and auto body shop sold two ounces of cocaine on the premises. A subsequent search of the premises revealed small amounts of marijuana and cocaine, drug paraphernalia, a gun and $4,700.00 in cash. The owner pled guilty to state criminal charges. The United States instituted civil *in rem* forfeiture proceedings against the real property. The owner defended upon the grounds that the forfeiture of his property was so grossly disproportionate to the offense as to violate the Eighth Amendment Excessive Fines Clause. The Supreme Court held that a forfeiture of real property is subject to the limitations of the Eighth Amendment. The Court did not rule out the possibility that the connection between the property and the offense may be relevant to the measure of an *in rem* forfeiture's excessiveness, but nevertheless concluded that this in no way limits the lower courts from considering other factors in determining whether the forfeiture of the property was excessive. — U.S. at —, 113 S.Ct. at 2812.

■ Examining this case through the lens of *Austin,* and accepting the fact that Emilio Delio used his home for a gambling operation in violation of 18 U.S.C. § 1955, we conclude, under the particular facts of this case, that the forfeiture of his home, of an arguable value of $150,000.00, is an imposition of a disproportionate penalty.

We are mindful of the legislative history behind Section 1955. The House Report accompanying this Act states, in part: "[T]he provisions of this title do not apply to gambling that is sporadic or of insignificant monetary proportions. It is intended to reach only those persons who prey systematically upon our citizens and whose syndicated operations are so continuous and so substantial as

---

5. Because *15621 S.W. 209th Ave.* concerns state property rights of tenancy by the entireties, it is not applicable to the issue of homestead discussed in the preceding section of this opinion,

based on the distinction between *property interests* as defined by state law and application of the state *homestead exemption. Id.* at 1517.

to be of national concern....". H.R.Rep. No. 91–1549, 91st Cong., 2d Sess. 53 (1970) *reprinted in* 1970 U.S.C.C.A.N. 4007, 4029.

The government relies on *United States v. Premises Known As 318 South Third Street,* 988 F.2d 822 (8th Cir.1993), in which the government brought a civil forfeiture action against property used to 'house a gambling business. The court held that the forfeiture of the property was not a disproportionate penalty. We agree with the result reached in that case, but the underlying facts materially differ from those in this case. There the court found that: "[T]he Association is part of a national organization which facilitated gambling in its member chapters by soliciting contributions to the gambling 'bank.' This national organization received a percentage of the profits realized from the illegal gambling operations of its member chapters." *Id.* at 829.

## IV. *Double Jeopardy Under the Fifth Amendment*

▅ Emilio Delio contends that forfeiture of his property violates the Double Jeopardy Clause of the Fifth Amendment because he has been previously punished in connection with his criminal conviction for the same gambling offense upon which this forfeiture suit is based. Relying on the Supreme Court's decisions in *Austin, supra,* and *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), Delio claims that the forfeiture of this property constitutes "punishment" within the meaning of the Double Jeopardy Clause.

There is no question that the same conduct supports both Emilio Delio's criminal conviction and this civil forfeiture. But, the Court in *Halper* held that its decision does not "prevent the Government from seeking and obtaining both the full civil penalty and the full range of statutorily authorized criminal penalties in the same proceeding." *Id.* at 450, 109 S.Ct. at 1903; *see also United States v. Millan,* 2 F.3d 17, 20 (2d Cir.1993) (discussing *Halper* and relevant cases for double jeopardy issue of multiple punishments).

Contrary to Delio's assertion that the forfeiture is barred by double jeopardy, we find that the circumstances of the simultaneous pursuit by the government of criminal and civil sanctions against Delio, pursuant to 18 U.S.C. § 1955, falls within the contours of a single, coordinated prosecution. Applying Sections 1955(a) and (d), the statute provides for imposition of both criminal and civil penalties. As in *Millan, supra,* there is no problem here that the government acted abusively by seeking a second punishment because of dissatisfaction with the punishment levied in the first action.[6] In *Halper,* the Court noted that "[s]ince a legislature may authorize cumulative punishment under two statutes for a single course of conduct, the multiple-punishment inquiry in the context of a single proceeding focuses on whether the legislature actually authorized the cumulative punishment." 490 U.S. at 451 n. 10, 109 S.Ct. at 1903 n. 10. We therefore conclude that the civil forfeiture suit seeking Emilio Delio's property which was used in a gambling operation is not barred on the ground of double jeopardy.

## CONCLUSION

The forfeiture judgment against Yolanda Delio is reversed and the case remanded for further proceedings consistent with this opinion. The forfeiture judgment against Emilio Delio is reversed and the case remanded to give the government an opportunity to present evidence of the damages and costs incurred in the investigation and prosecution of the civil and criminal actions, so that the remedial aspects of the forfeiture statute may yet be addressed, and the government made whole. *Halper,* 490 U.S. at 448, 452, 109 S.Ct. at 1902, 1904.

**REVERSED and REMANDED.**

---

6. Delio was sentenced to three years probation and a $10,000.00 fine in the criminal proceeding. The statute provides that an offender "shall be fined not more than $20,000 or imprisoned not more than five years, or both." 18 U.S.C. § 1955(a) (1988).